HELD AT HARTFORD, FOR THE COUNTIES OF HARTFORD, WINDHAM, LITCHFIELD, MIDDLESEX AND TOLLAND,

ON THE FIRST TUESDAY OF MARCH, 1884.

Present,

PARK, C. J., CARPENTER, PARDEE, LOOMIS AND GRANGER, Js.

## BENJAMIN F. BENNETT vs. FRANK COLLINS.

The Practice Act, sec. 8, provides that "in civil actions appealed from the judgment of a justice of the peace, either party may, during the first term of the appellate court, amend his pleadings by introducing any equitable right, cause of action, defense, set-off or counter-claim, subject to the rules as to joinder of causes of action." Held that after the first term the court has power to allow such an amendment, subject to such terms as to costs as it may in its discretion impose.

An action was brought for the breach of a contract by the defendant, then a minor, in the use of oxen hired by him, and the court, after the trial, allowed the plaintiff to amend by adding a new count in tort for the same acts. The defendant thereupon moved to be allowed to file a new answer and have the case tried again upon the facts. Held that the court erred in denying the motion.

Under the complaint as amended a new issue would necessarily be raised, requiring different evidence.

Where a minor, after becoming of age, offered to pay a certain sum in set-

VOL. LII.—1.

tlement of a claim made against him for the breach of a contract, it
was held to be no acknowledgment of his liability.
And a mere acknowledgment would not have been sufficient. A promise
to pay was necessary.

[Argued March 4th—decided June 30th, 1884.]

ACTION for breach of contract; brought, by appeal from
a justice of the peace, to the Superior Court in Windham
County, and tried to the court before *Stoddard, J.* Facts
found, and judgment rendered for the plaintiff, and appeal
by the defendant. The case is sufficiently stated in the
opinion.

*J. L. Hunter* and *J. P. Andrews*, for the appellant.

*J. M. Hall*, for the appellee.

GRANGER, J. The defendant, a minor, had the loan of
a yoke of oxen belonging to the plaintiff, under an agree-
ment that he would use them well, take good care of them,
and return them by a certain time in as good condition as
they were when taken. By using them improperly, espe-
cially with an unsuitable yoke, the oxen were injured to the
amount of thirty dollars, and were returned by the defend-
ant in that condition. The complaint set out the above
contract of the defendant, and alleged the breach of it in
the respect stated. The case, brought to the Superior Court
by appeal from the judgment of a justice of the peace, was
there tried to the court and the facts found by the judge.
Upon the suggestion of the judge after the trial, the com-
plaint was amended by adding a count in tort for the wrong-
ful acts of the defendant in injuring the oxen. This amend-
ment was allowed against the objection of the defendant,
which was taken on the ground that a complaint brought
to that court by appeal from a justice of the peace could
not be amended in the appellate court, and especially
after the first term. The amendment having been made,
the defendant claimed the right to file a new answer to it
and to have the case tried again upon the facts. This the

court refused to allow, and rendered judgment for the plaintiff. The defendant appealed.

We think the court had power to allow the amendment. The question whether it could legally be allowed is reviewable, while the question whether it should be allowed, if at all, on payment of costs, was wholly one for the discretion of the court. Such an amendment was clearly allowable under the eighth section of the Practice Act, which provides that "in civil actions appealed from the judgment of a justice of the peace, either party may, during the first term of the appellate court, amend his pleadings by introducing any equitable right, cause of action, defense, set-off or counter-claim, as the case may be, * * * subject however to the rules as to joinder of causes of action, &c." Here there is no question as to the congruity of the counts, and the only question is whether the amendment could be made at any later term than the first, under the statute. We think the only effect of a delay beyond the first term in moving for an amendment, is that the plaintiff loses thereby his right to make the amendment, which was an absolute right in the first instance, but that the court has full power at any later term to allow the amendment in the exercise of its discretion, and upon such terms as to payment of costs as it may consider proper.

But we think the court erred in refusing to allow the defendant, after the amendment was made, to file a new answer to the amended complaint, and to try over again the facts of the case upon whatever issue should be formed by the new pleadings. The issue upon the trial had been simply whether the defendant had broken his contract. It became a matter of no importance whether he had been in fault in his care and use of the oxen. In returning them in a damaged state he broke his contract, and this with no reference to any question of wrong intent or of negligence. Under the amended complaint the issue, upon a mere denial or upon the answer as it already stood, was not whether the contract was broken, but whether the defendant had been guilty of tortious acts; whether he had neglected the oxen,

or had abused them.   Upon this issue the defendant might properly have introduced evidence that would have been of no pertinency or of little or no importance under the other. Indeed, it is  not only proper in itself, but seems  clearly to have been intended by the Practice Act and the rules under it, that on the amendment of any part of the pleadings the other party shall have an opportunity to answer the amended pleadings.   Rules under Practice Act, ch. 4, sec. 3.   We do not mean to say that there may not be cases where, even after a trial and a finding of the facts, the amendment of the complaint or of some of the pleadings may so clearly make no change in the issue presented that there shall be no reason for a new trial of the facts.   But where a new issue is made, and the trial already had does not constitute a full trial of the changed issue, as it generally will not, there the party against whom the amendment is made should be allowed a new trial of the facts.

The plaintiff makes a further claim that, regarding the case as one only of breach of contract, the defendant, by offering, after he became of age, to pay thirty dollars in settlement of the plaintiff's claim, had recognized and acknowledged his liability.   The facts found on this point are as follows:—"After the defendant became of age he made an offer of compromise and settlement by offering to pay the plaintiff the sum of thirty dollars for such damages; but for some reason the offer was not carried into effect."   This manifestly was no promise to pay, but a mere offer for a settlement, and there is no reason why a minor, after becoming of age, should be holden by such an offer any more than any other person.   Besides this, a mere recognition of his liability after he became of age, was not sufficient.   A promise to pay was necessary.

The question was discussed in the argument whether, upon the facts found, the defendant could be held liable in an action of tort for the wrongful acts stated.   As, however, the facts may be found differently upon a new trial, we have thought it not best to consider that question.

In re Application of Clinton Oyster Ground Committee.

There is error in the judgment of the Superior Court, and it is reversed and a new trial ordered.

In this opinion the other judges concurred.