AMELIEN LABARRE *vs.* THE CITY OF WATERBURY.

Third Judicial District, New Haven, June Term, 1897. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY AND HALL, Js.

It is within the discretion of the trial court to allow, or even direct, an
amendment of the complaint at any time before judgment is rendered.
But if a material amendment is permitted after a hearing in damages
upon a default, the defendant is entitled to an opportunity to plead
anew and present further evidence. Should he decline however, to
avail himself of such opportunity, he cannot complain that judgment
was rendered before the pleadings were closed.

An amendment of a complaint relates back, by fiction of law, to the com-
mencement of the action; but this fiction will not be allowed to operate
unjustly to the defendant.

[Submitted on briefs June 9th—decided July 13th, 1897.]

ACTION to recover damages for personal injuries claimed
to have been caused by a defective highway, brought to the
District Court of Waterbury and heard in damages to the
court, *Bradstreet, J.;* facts found and judgment rendered for
the plaintiff for $500, and appeal by the defendant for alleged
errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Lucien F. Burpee,* for the appellant (defendant).

*Edward F. Cole,* for the appellee (plaintiff).

HALL, J. The complaint in this action, to recover dam-
ages for a personal injury sustained by the plaintiff by rea-
son of snow and ice upon a sidewalk in Waterbury, contained
no allegation that notice had been given the defendant, as
required by § 2673 of the General Statutes.

The defendant having suffered a default, the plaintiff,
upon a hearing in damages to the court, offered to prove the
fact that such notice had been given. To the admission of

this evidence counsel for defendant objected, upon the ground that the complaint contained no allegation that notice had been given; and that the notice offered was insufficient, in that it did not properly describe the defect complained of in the highway. The defendant does not complain of any ruling of the court in admitting this evidence. The record does not show that the court received it, or made any ruling upon the questions presented by the defendant's objections; and as in the defendant's brief it is conceded that the points thus raised were never decided, we assume that the evidence so offered was not received, and that in view of the subsequent proceedings the court deemed it unnecessary to make. any ruling upon these questions.

The record discloses that some time after the hearing the court ordered the plaintiff to amend his complaint by setting forth the fact that notice of his injury had been given to the defendant, and of the nature and cause thereof, and of the time and place of its occurrence ; that the plaintiff thereupon filed a motion to be permitted to amend his complaint in compliance with the direction of the court, which amendment was allowed; that the court informed counsel for the defendant that "if he desired, he could plead anew, or be heard further with his witnesses"; that several months thereafter the court rendered judgment for substantial damages, the defendant, in the mean time, having failed either to file an answer or other pleading, or to present further evidence upon the hearing in damages. By his appeal the defendant complains of the action of the court in so ordering the plaintiff to amend his complaint, and in rendering judgment after the amendment and before the pleadings had been completed.

Though the plaintiff had not an absolute right to amend his complaint during the hearing in damages (*Gulliver* v. *Fowler*, 64 Conn. 556, 565; *Trustees, etc.*, v. *Christ Church*, 68 id. 369, 372), the court, under §§ 1023, 1027 of the General Statutes, had discretionary power to permit the amendment to be made. The time before judgment within which the amendment might be allowed, was within the court's discretion, and the exercise of such discretion cannot be reviewed.

By § 6, Rule 3, under the Practice Act, p. 14, the court may permit an amendment at any stage of the trial.

The defendant suffered no injury from the fact that the court ordered the plaintiff to make an amendment. The allowance of the amendment, upon the plaintiff's motion, was the only act of the court which affected the defendant's interests. But we see no impropriety in the court suggesting or even directing the amendment, under the circumstances shown by the record. Sufficient authority for such direction may be found in § 9 of the Practice Act, p. 4.

There was no error in the action of the court in rendering judgment for substantial damages, after the amendment was allowed and before further pleadings were filed. It is true that by his default the defendant only admitted the truth of the allegations of the complaint at that time, and that the absence of an essential allegation in the complaint could not be supplied by proof offered by the plaintiff upon the hearing in damages. *Shepard* v. *New Haven & N. Co.*, 45 Conn. 54, 58; *Pitkin et al., Admrs.* v. *N. Y. & N. E. R. R. Co.*, 64 id. 482, 490. Assuming, then, that having proved his actual damage, evidence of which was presumably offered upon the hearing, the plaintiff could have recovered judgment for a nominal sum only, in the absence of an allegation in the complaint that the statutory notice had been given to the defendant, yet as the amendment related back to the commencement of the action, the plaintiff's evidence of the extent of his injury, already before the court, became applicable to the complaint as amended. *Windham, etc.,* v. *Litchfield et al.*, 22 Conn. 226, 232. Upon the pleadings as they stood after the allowance of the amendment, the plaintiff's case thus became complete, and he was entitled to a judgment for the actual damages proved, unless his right to such judgment should be defeated by evidence offered by the defendant. *Crane* v. *Eastern Transportation Line*, 48 Conn. 361, 363. Since it is by a fiction of law that the amendment allowed in this case related back to the commencement of the action, it was undoubtedly the duty of the court, in permitting the amendment, to see that the rights of the defendant were not injuriously affected.

*Bennett* v. *Collins,* 52 Conn. 1, 3; *Comstock's Appeal,* 55 id. 214, 219; *Windham, etc.,* v. *Litchfield et al., supra.* In the opinion of the court, in the case last cited, JUDGE HINMAN says: " The amendment related back to the commencement of the suit, and the petition, in the judgment of law, was, from its commencement, as it is now. It is true, this is a fiction of law and, for that reason, would not be suffered to operate unjustly upon the respondents."

Did not the court in allowing the amendment to the complaint carefully guard the interests of the defendant? After so material an amendment had been made, the defendant was clearly entitled either to have the default opened and be permitted to plead to the complaint, or to an opportunity to present evidence to prove either that no notice, or only an insufficient notice, had been given to the defendant. If the defendant desired to avail itself of either of these privileges, a motion to that effect should have been made to the trial court. The court, not having denied the defendant either of these rights, there is no ground for the claim that the judgment was erroneously rendered before the pleadings were closed. *Ritchie* v. *Waller,* 63 Conn. 155, 166. Not only was the right to plead anew or present further evidence not denied the defendant, but defendant's counsel was expressly informed that either of these privileges would be granted, and final judgment was not in fact rendered until nearly six months after the amendment was allowed. The defendant having remained silent after such notice, the court might very properly have rendered its final judgment at a much earlier day.

As the record does not show that the court ruled upon the question of the sufficiency of the alleged notice, we do not consider the second assignment of error.

There is no error.

In this opinion the other judges concurred.