Mike Mazulis *vs.* Sidney Zeldner.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued January 4th—decided February 21st, 1933.

*Isaac Nassau,* with whom, on the brief, was *Francis P. Rohrmayer,* for the appellant (defendant).

*Bernard J. Ackerman,* for the appellee (plaintiff).

HINMAN, J. The allegations of the complaint, briefly summarized, were that the plaintiff insured his house through the defendant as insurance broker, the house burned and the defendant brought about a settlement of the loss by the insurer for $2502. The insurance company made two checks aggregating that sum, payable to the plaintiff and lienors on the property insured, and delivered them to the defendant for the plaintiff. The defendant falsely and fraudulently represented to the plaintiff that he could and would repair the fire loss for $1900 and fraudulently induced him to procure the endorsement of the checks and deliver them to the defendant, $1900 of the proceeds to be used for the purpose of making the repairs, and the balance, $602, to be immediately turned over to the plaintiff. At the same time the defendant "by means of coercion and undue influence" caused the plaintiff to execute an agreement, made part of the

complaint, regarding the restoration of the house and the disposition of the proceeds of the checks providing substantially as above stated. The defendant paid out of the proceeds only $1294.43, leaving the plaintiff still owing $1270 for labor and materials furnished in the repair of the house, and "has wrongfully, fraudulently and with intent to defraud, while acting in a fiduciary capacity, converted, disposed of and appropriated . . . $1207.57 to his own use, . . . and has refused to repay the same to the plaintiff." The defendant's answer was a general denial and a plea of payment.

After the trial, the court filed a memorandum stating in effect that it found that from the moment the defendant first acquired possession of the checks he was intent on defrauding the plaintiff, his succeeding acts were steps in perpetration of that design, his defense of payment was untrue, and his conduct with reference to the disposal of the proceeds of the checks was the culmination of the fraud. The court held, however, that the evidence did not support the allegation that the agreement was procured by coercion and undue influence but did show "that the procurement of the plaintiff to execute such an instrument was a device forming part of a fraudulent scheme;" also that the paragraph of the complaint which we have quoted "seems to count on the defendant becoming a trustee under the terms of the . . . instrument that [another] paragraph alleges came into being as a result of coercion but which it is found was a fraudulent device. It is suggested that plaintiff file an amended complaint, conforming to the proof. If this be done within six days from the filing of this memorandum, . . . judgment will be rendered for the plaintiff, provided that such amended complaint conforms to the proof and alleges the essential elements of fraud

as disclosed by the same." The memorandum above mentioned was filed August 29th, 1932; an amended complaint was filed on September 3d; on September 7th an order was made extending the time "for the filing of an amended complaint . . . to conform to the proof" until September 12th, and on September 9th a second amended complaint was filed. On September 20th the trial court filed a memorandum ordering that judgment be entered for the plaintiff to recover $1300.

Error is assigned in allowing the amended complaint after the trial of the case and the filing of the first memorandum, and in rendering a judgment based on issues different from those on which the case was tried and without affording opportunity for further pleadings and additional evidence. Section 186 of the Rules under the Practice Act (Practice Book, p. 285) provides that "in all cases of any material variance between allegation and proof, an amendment may be permitted at any stage of the trial," without costs, except in case of prejudice to the adverse party amendment may be conditioned on payment of costs and such other terms as the court may deem proper. The court may permit, under this rule, amendment at any time before judgment, and under proper circumstances may suggest or even direct it. Its action is discretionary and can be reviewed only when this discretion is abused. *LaBarre* v. *Waterbury,* 69 Conn. 554, 37 Atl. 1086; *Allen* v. *Chase,* 81 Conn. 474, 71 Atl. 367. If the effect of an amendment of a complaint so made is to substantially change the cause of action originally stated, the defendant is entitled to file new or amended pleadings and present further evidence. Also, if the amendment interjects material new issues, the adversary is entitled to reasonable opportunity to meet them by pleading and proof. *Moran* v. *Bentley,* 69 Conn.

392, 404, 37 Atl. 1092; *O'Hara* v. *Hartford Oil Heating Co.,* 106 Conn. 468, 472, 138 Atl. 438.

Under § 197 of the Rules, Practice Book, p. 289, after an amendment the adverse party is entitled to alter his pleadings, within ten days, if he see fit to do so; if he does not, his existing pleadings, if applicable, stand. It follows that where a complaint is amended after trial, judgment should not be entered upon it until the ten days so allowed have elapsed. Therefore, if a trial court suggests or directs amendment of a pleading, after trial, it should not direct judgment to enter forthwith upon its filing, but should allow the adverse party at least ten days to file amended pleadings or a motion for further hearing. After the expiration of that time, if no further pleadings have been filed and no request for opportunity to present further evidence has been made, if it reasonably appears to the trial court that, in view of the change in the pleadings made by the amendment, and the proceedings already had, justice to the adverse party does not require further hearing, it may direct judgment to enter upon the amended pleading, this action being open to attack upon the ground of abuse of discretion. Otherwise, it should either cite the parties in to submit further evidence if they care to do so, or order a retrial, unless it finds, upon motion for judgment, that justice does not require further hearing. *Bennett* v. *Collins,* 52 Conn. 1, 4.

The amendment of the complaint in the present case did not change the cause of action; the original complaint discloses that it was from the beginning an action for fraud in dealing with the checks and their proceeds. The variances of the proof from the allegations of the complaint which the court noted, and the changes made by the amended complaint were not such as to work any essential change in the cause

of action stated in the original or in the issues presented thereby. The answer was obviously as applicable and adequate to the amended complaint as to the original. All of the evidence available to the defendant to meet all the issues of fact was admissible under the first complaint and so far as appears was introduced on the trial. Although ten days intervened between the filing of the last amended complaint and the memorandum ordering judgment, the defendant made no attempt to amend the answer or request for opportunity to produce further evidence. The record indicates that neither was needed, but if either or both had been claimed no doubt opportunity would have been afforded. *Ohlin* v. *Kowner,* 96 Conn. 394, 400, 114 Atl. 117.

In *O'Hara* v. *Hartford Oil Heating Co., supra,* on which the appellant relies, the action was brought for breach of a written contract designated as Exhibit A; the amended complaint declared upon a contract made up of this exhibit and another (Exhibit H) as contemporaneous writings, constituting a different contract from that counted upon in the original complaint. Also, the memorandum of decision which suggested the amendment directed that, upon the filing of it, judgment be entered for the plaintiff. In the present instance, the first memorandum merely indicated that, if the amendment was filed and was found to conform to the proof, judgment would thereafter be rendered for the plaintiff. The further proceedings confirm this; apparently the trial judge regarded the first amended complaint as failing to accord with his suggestion and gave further time for another attempt, and it was not until a considerable time after the second and acceptable amendment that the memorandum directing judgment was filed. The judgment is not deemed to have been rendered until the date of filing of the

latter memorandum. *Goldberg* v. *Krayeske,* 102 Conn. 137, 143, 128 Atl. 27. The judgment-file, accordingly, is dated September 20th. The judgment, therefore, is based upon the issues raised by the amended complaint and the general denial and plea ·of payment, which still stood as the defendant's answer. *Brainard* v. *Staub,* 61 Conn. 570, 577, 24 Atl. 1040; *LaBarre* v. *Waterbury, supra,* p. 556.

There is no error.

In this opinion the other judges concurred.