[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant Ahmed A. Dadi moves to reargue his objection to plaintiff's motion to strike. After examining all the pleadings in this protracted case and upon further reflection, this court grants the motion to reargue and sustains defendant's objection to plaintiff's motion to strike defendant's Answer, Special Defenses and Counterclaim, dated October 26, 1993.
The history of the pleadings and court actions on this case are as follows: The suit was started by plaintiff serving defendant Dadi on September 16, 1989 and filing its complaint on September 22, 1989. A stipulated judgment of strict foreclosure was entered on March 2, 1990. Defendants Dadi and D C Builders, Inc. moved to extend the law day and when the last such motion was denied, they appealed to the Appellate Court. That appeal was dismissed. On January 7, 1991, plaintiff moved to reopen judgment in order to enter new law days after the dismissal of defendant's appeal, which was granted. On May 13, 1991, Moffett Duffy, Inc. moved to be made a party defendant and that motion was granted. On February 7, 1992, plaintiff moved to reopen the judgment on the grounds defendant D C Builders had filed a petition in bankruptcy and Moffett Duffy had been made a party defendant, and also moved to file an amended complaint naming Moffett Duffy as a defendant. That motion was granted. Plaintiff filed its amended complaint on March 2, 1992. Defendant Moffett Duffy moved to consolidate this action with its pending action against defendant. No decision was made on that motion, but Moffett Duffy has since filed an answer and special defense. On March 23, 1993 the Federal Deposit Insurance Corporation, as receiver for defendant Sentinel Bank, moved to be substituted for Sentinel Bank as a defendant, which motion was granted. On September 17, 1993 CT Page 5025 plaintiff requested leave to amend its complaint to cite in the FDIC as a defendant. On October 26, 1993, defendant Dadi filed an amended answer, containing denials, special defenses and counterclaims. On November 8, 1993 plaintiff moved for additional time to respond to defendant's special defenses and counterclaims. On December 16, 1993 plaintiff moved to strike defendant's answer on the grounds: (1) defendant did not move to open the default and judgment previously entered against him, (2) it was untimely filed and (3) it is precluded by the default entered against him because the amended complaint makes no substantial or material changes in the allegations against this defendant.
This court granted plaintiff's motion to strike, stating in a brief memorandum of decision:
 Defendant Dadi having stipulated to a default and to judgment, he can not thereafter plead without moving to reopen his default. The reopening of judgment to permit amended complaint based on filing of bankruptcy by other parties does not entitle this defendant to amend his pleadings. Mozalis v. Zeldner, 116 Conn. 314, 317 (1933).
On March 1, 1994 defendant moved to reargue his objection to the motion to strike and also moved to reopen the stipulated judgment.
The court concludes it was mistaken in its decision.
Several times, after defendant was defaulted and after the stipulated judgment was entered, the judgment was reopened for new parties to be cited in as defendant, and for the law day to be extended, and the defendant has filed several amended complaints. Under these circumstances, the defendant was not required to move to reopen his default in order to plead to the new complaints. His default was wiped out by the reopening of the judgment and his right to answer derived from the plaintiff filing an amended complaint.
In Ostrowski v. Ostrowski, 135 Conn. 509, 510 (1949) where a judgment of divorce was reopened, the court held all issues remained undisposed of and each party had a right anew to assert all his claims and defenses. CT Page 5026
The plaintiff filed its last request to amend its complaint on September 17, 1993. No objection being made, pursuant to Practice Book § 176(c), the amended pleading was deemed filed fifteen days later, on October 2, 1993. Defendant had ten days to file an answer. He filed the pleading under attack on October 26, 1993. Although his response is fourteen days late, the court does not consider that tardiness fatal and will not on that basis, strike the pleading.
Finally, plaintiff claims defendant has no right to replead to an amended complaint unless the amendment substantially changes the cause of action or presents new material issues against defendant. The case plaintiff cites as authority for this proposition, Mozalis v. Zeldner,116 Conn. 314 (1933), does not bear it out. In that case the issue was whether the trial court erred in allowing a complaint to be amended after the trial was over and in rendering a judgment on the amended complaint. The court noted, "If the effect of an amendment of a complaint so made is to substantially change the cause of action originally stated, the defendant is entitled to file new or amended pleadings and present further evidence. Also, if the amendment interjects material new issues, the adversary is entitled to a reasonable opportunity to meet them by pleading and proof." Id at 317.
In Mozalis the court found the amended complaint filed after trial did not change the issues, defendant's original answer adequately responded to it, and the defendant had the opportunity to present additional proof if he desired.
But that case does not stand for the principle asserted by plaintiff that an amended pleading, which does not implicate a defendant, does not entitle that defendant to file a new answer. Section 177 of the Connecticut Practice Book provides that "[w]hen any pleading is amended, the adverse party may plead thereto . . . or, if he has already pleaded,alter his pleading, if he so desires, . . . ." (Underlining added.) In fact, the Mozalis court specifically stated that under our rules, "after an amendment the adverse party is entitled to alter his pleadings . . . if he sees fit to do so." 116 Conn. at 318.
Thus, this court concludes it incorrectly granted CT Page 5027 plaintiff's motion to strike defendant's answer and now on reargument, sustains defendant's objection to that motion.
Robert Satter State Judge Referee