******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# CHASE HOME FINANCE, LLC *v.* DANIEL SCROGGIN
## (AC 39191)

Keller, Prescott and Bear, Js.

*Syllabus*

The plaintiff C Co. sought to foreclose a mortgage on certain real property owned by the defendant, S, who was defaulted for failure to plead. The trial court thereafter permitted C Co. to add as a defendant B Co., which held a mortgage on the property securing a line of credit. Thereafter, C Co. filed an amended complaint, to which S filed no objection. Count one of the amended complaint sought foreclosure of C Co.'s mortgage as in the original complaint, counts two through four concerned whether B Co.'s mortgage should be equitably subrogated to C Co.'s mortgage, and counts five and six alleged that S was unjustly and fraudulently enriched as he continued to borrow against B Co.'s line of credit after it was closed, all to C Co.'s loss and detriment. Subsequently, T Co. was substituted as the plaintiff and filed a motion for judgment with respect to counts two through six of the amended complaint and a motion for a judgment of strict foreclosure as to count one. Without seeking leave of the court to open the default entered against him, S filed an answer to the amended complaint and objections to T Co.'s motions. The trial court concluded that S's answer was not operative because he did not move to open the default entered against him five years previously and had waited until after the motions for judgment were filed in order to file a responsive pleading. The court, inter alia, rendered a judgment of strict foreclosure in favor of T Co. On appeal to this court, S claimed that the trial court improperly granted the motion for judgment of strict foreclosure because that judgment was based on a default for failure to plead in response to the original complaint, but C Co., thereafter, had significantly amended the pleadings and added additional parties, which extinguished the default. *Held* that, under the circumstances of the present case, the trial court improperly failed to set aside the default entered against S and abused its discretion by failing to give effect to his answer to the amended complaint: the filing of an amended complaint following a finding of default effectively extinguishes the default and affords a defendant an opportunity to plead in response only when the amendment reflects a substantial change to the pleadings in effect at the time that the default was entered, and a comparison of the original and amended complaints revealed that the amended complaint filed following the default interjected new material factual allegations and new legal theories in the case, which were not merely technical in nature and concerned whether the line of credit extended by B Co. should be considered as a prior or subsequent lien on the subject property and whether S had engaged in fraudulent conduct or was unjustly enriched; moreover, although a default acts as a judicial admission of the facts set forth in a complaint, the default entered against S with respect to the original complaint could not be interpreted to apply to the materially new claims to which he was exposed as set forth in the amended complaint, which included, but were not limited to, claims of fraud and unjust enrichment on his part, and in light of the changes to T Co.'s case that were reflected in the amended complaint, it was inequitable for the court not to have considered the default entered against S to have been extinguished.

(*One judge dissenting*)

Argued September 12—officially released December 19, 2017

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the defendant, and for other relief, brought to the Superior Court in the judicial district of Middlesex, where the defendant was defaulted for failure to plead; thereafter, Bank of America National

Association was cited in as a defendant and the plaintiff filed an amended complaint; subsequently, AJX Mortgage Trust 1 was substituted as the party plaintiff; thereafter, the court, *Aurigemma, J.*, granted the substitute plaintiff's motion for judgment as to counts two through six of the amended complaint; subsequently, the court granted the substitute plaintiff's motion for a judgment of strict foreclosure and rendered judgment thereon, from which the named defendant appealed to this court. *Reversed in part; further proceedings.*

*Michael J. Habib*, with whom, on the brief, was *Thomas P. Willcutts*, for the appellant (named defendant).

*Benjamin T. Staskiewicz*, for the appellee (substitute plaintiff).

*Opinion*

KELLER, J. The defendant, Daniel J. Scroggin also known as Daniel F. Scroggin also known as Daniel Scroggin, appeals from the judgment of strict foreclosure rendered by the trial court in favor of the substitute plaintiff, AJX Mortgage Trust 1, a Delaware Trust, Wilmington Savings Fund Society, F.S.B., Trustee.[1] The defendant claims that the court improperly granted the plaintiff's motion for judgment of strict foreclosure because (1) the judgment was based upon a default for failure to plead in response to the original complaint, but the plaintiff's predecessor in this action, thereafter, had significantly amended the pleadings and added additional parties to the action, and (2) by operation of General Statutes § 52-121 (a),[2] he was entitled to, and did, file an answer prior to the hearing on the plaintiff's motion for judgment.[3] We agree with the defendant's first claim. Accordingly, we reverse the judgment of the trial court and remand the case to that court for further proceedings.

The relevant procedural history is as follows. In December, 2009, Chase commenced the present foreclosure action against the defendant. In its original one count complaint, Chase alleged, in relevant part, that on July 20, 2007, the defendant executed a promissory note in the amount of $217,500 in favor of Chase Bank USA, N.A., and that the loan was secured by a mortgage of the premises located at 25 Church Street in Portland, which was owned by and in the possession of the defendant. Chase alleged that the mortgage was recorded on the Portland land records, that the mortgage was assigned to it, and that it was the holder of the note and mortgage. Chase alleged that beginning on July 1, 2009, the defendant failed to make installment payments of principal and interest required by the note and that it had exercised its option to declare the entire unpaid balance of the note (in the amount of $214,939.97) due and payable to it. Chase further alleged that several encumbrances of record were prior in right to its mortgage interest, but that no interests were claimed which were subsequent to its mortgage interest. By way of relief, Chase sought, among other things, a foreclosure of the mortgage and the immediate possession of the subject premises.[4]

On June 7, 2010, Chase filed a motion for default for failure to plead. On that same day, Chase filed a motion for judgment of strict foreclosure and a finding that it was entitled to possession of the subject premises. On June 16, 2010, the clerk of the court granted the motion for default but, at that time, the court did not rule on the motion seeking a judgment of strict foreclosure.

On September 8, 2010, Chase filed a request for leave to amend its complaint and attached a proposed amended complaint. The defendant did not object.[5] The

amended complaint consisted of six counts. The first count brought against the defendant sought a foreclosure and generally was consistent with the allegations brought against the defendant in the original one count complaint, except that in the amended complaint, Chase alleged in relevant part: "On the aforementioned piece of property, the following interests are claimed which are subsequent to plaintiff's said mortgage: A mortgage in favor of . . . [Bank of America] in the original amount of $100,000, dated 18, 2007, and recorded February 7, 2007 in . . . the Portland land records."

The second, third, and fourth counts of the amended complaint were brought against Bank of America.[6] In these counts, Chase, among other things, raised a claim of equitable subrogation with respect to Bank of America's mortgage interest in the subject property, which, Chase alleged, was recorded prior to its own interest in the property.[7] In count two, Chase alleged in part that "[the] plaintiff paid off, as proceeds of its mortgage set forth herein, a mortgage prior in right to that of [Bank of America] . . . intending to then obtain a first mortgage on the property herein being foreclosed, and, therefore, should be equitably subrogated to the position of that prior mortgage."

In count three, Chase alleged in part: "The plaintiff, by its agent or attorney, received a payoff letter on or about July 23, 2007, and [the defendant] . . . executed . . . Bank of America's authorization to terminate the line of credit and authorized the payment in full along with the closing of a line of credit under . . . Bank of America's mortgage. . . . Subsequent thereto . . . Bank of America . . . made further advances to [the defendant] . . . after issuing this payoff letter and, as a result, its mortgage should be equitably subrogated to the interest of the plaintiff's mortgage herein."

In count four, Chase alleged in part: "Bank of America, through its actions in accepting funds after the credit line was ordered closed, has unjustly enriched itself."

Counts five and six of the amended complaint, both of which were directed at the defendant, also are related to Chase's allegations with respect to Bank of America's mortgage interest in the subject property. In count five, Chase alleged in part: "Authorizing the payoff of the mortgage of . . . Bank of America, [the defendant] . . . continued to obtain further borrowings against said mortgage and, further [un]justly enriched himself, all to [the] plaintiff's loss and damage." In count six, Chase alleged in part: "After authorizing the plaintiff, its agents, and/or attorneys to close the credit line contained in . . . [Bank of America's] mortgage, the [defendant] . . . continued to obtain further funds pursuant to said credit line, either by fraud or mistake, all to [the] plaintiff's loss and damage."

At no time did the defendant move to set aside the default for failure to plead entered on June 16, 2010. On November 2, 2015, however, the defendant disclosed a defense, stating that he "intend[ed] to challenge the plaintiff's alleged right and standing to foreclose upon the subject mortgage." On the same day, the defendant filed an answer to Chase's original complaint.

The plaintiff did not file a motion for default for failure to plead against the defendant with respect to the amended complaint. On November 24, 2015, however, the plaintiff filed a motion for judgment against the defendant with respect to counts two, three, four, five, and six of the amended complaint. On the same day, the plaintiff moved that the court enter a judgment of strict foreclosure and asked that separate law days be assigned to the defendant, Middconn Federal Credit Union, and Bank of America. Before the court considered the plaintiff's motions, the plaintiff filed an appraisal of the subject property, a foreclosure worksheet, an affidavit of debt, and an affidavit of attorney's fees.

On April 4, 2016, the defendant filed an answer to the plaintiff's amended complaint. In his answer to the amended complaint, the defendant, among other things, admitted portions of the allegations made in the first count and, with respect to other portions of the first count, left the plaintiff to its proof. Also, on April 4, 2016, the defendant filed an objection to the plaintiff's motion for judgment as to count six of the amended complaint and an objection to the plaintiff's motion for judgment of strict foreclosure. On that date, the court held a hearing on the plaintiff's motion for judgment. By order dated April 4, 2016, the court granted the plaintiff's motion for judgment with respect to counts two, three, four, and five of the amended complaint, but did not rule with respect to counts one or six of the amended complaint.

Following the hearing, the plaintiff replied to the defendant's objection to its motion for judgment of strict foreclosure, and the defendant filed a memorandum of law in which he further articulated the reasons underlying his objection to the motion for judgment of strict foreclosure. At a hearing on April 18, 2016, the parties appeared and presented additional arguments. In support of his objection, the defendant argued that (1) after Chase filed its motion for judgment of strict foreclosure in 2010, it filed an amended complaint that substantially changed the nature of the claims and cited in Bank of America so that the plaintiff would be recognized as a first mortgagee; (2) he answered the amended complaint and was not defaulted with respect to the amended complaint; and (3) any delays in the litigation following the default entered in 2010 were occasioned by the plaintiff and its predecessors, who did not act in a timely manner. Essentially, the defendant argued

that the plaintiff had not sought or obtained a default against him with respect to the amended complaint. Additionally, the defendant relied on the fact that, pursuant to § 52-121 (a), he had filed a responsive pleading with respect to the amended complaint prior to the hearing on the plaintiff's motion for judgment, and the court should consider it as the operative answer.

The plaintiff argued that because the court did not set aside the default entered in 2010, the defendant's answer and disclosed defense were inoperative. The plaintiff emphasized that at no time did the defendant ask the court to set aside the default and that nearly six years had passed since it had been entered against the defendant. Moreover, the plaintiff argued, any claim that Chase's request to amend its complaint somehow extinguished the default was not persuasive because the defendant did not object to the amended complaint and did not timely replead after it had been filed. Additionally, the plaintiff argued, the amended complaint did not substantially change the original one count complaint against the defendant. The plaintiff argued that "the amended complaint was brought to allege additional counts against . . . Bank of America. There has been no change to the foreclosure count whatsoever, there is no prejudice shown to the defendant by the amendment, nor does the defendant allege such prejudice."

The court, having heard the parties' arguments, addressed the defendant as follows: "Well, in my view, you should have moved to open a default. You didn't. I'll allow them to go forward with their foreclosure." Thereafter, when the defendant asked the court to address the applicability of § 52-121 (a), the court stated: "You didn't move to [open] the default, waiting five years. And you just can't file an answer once a motion for judgment has been filed."[8] The court stated its belief that the defendant's actions "were solely for the purpose of delay," observing that the despite the passage of five years, the defendant did not move to open the default. The court granted the plaintiff's motion for judgment of strict foreclosure, set a law day of May 23, 2016, and rendered judgment on count six of the plaintiff's amended complaint in the plaintiff's favor. This appeal followed.[9]

The defendant claims that the court improperly granted the judgment of strict foreclosure because the court's judgment was based upon a default for failure to plead in response to the original complaint, but Chase, thereafter, had significantly amended the pleadings and added additional parties to the action. We agree with the defendant.

Although, in general terms, the defendant challenges the court's ruling granting the plaintiff's motion for judgment of strict foreclosure, a careful review of the defendant's brief reflects that the substance of this claim is

that under the circumstances that existed at the time that it rendered judgment, "the trial court should have permitted the defendant's pleading to the plaintiff's amended allegations and opened the default, which was [entered] as to the original complaint only." The defendant argues that, following the default entered with respect to the original complaint, Chase, by filing the amended complaint, materially changed the allegations in the case by seeking equitable subrogation. Additionally, the defendant observes, the party claiming a right to foreclose upon the mortgage evolved from Chase to the plaintiff. Following the filing of the amended complaint, he disclosed a defense and answered both complaints. The defendant argues that, in fairness to him, the default should have been extinguished by the filing of the amended complaint and that the court should have given effect to his answer and disclosed defense.

As is reflected in our recitation of the relevant procedural history, the court did not prohibit the defendant from filing an answer in response to the amended complaint. The court, however, indicated that it would not give any effect to the answers filed by the defendant to the original and amended complaints (and, presumably, the defendant's disclosed defense) on the ground that such filings were untimely, having been presented to the court more than five years following the default. The court observed, as well, that in the lengthy period of time that ensued following the default, the defendant did not move to set aside that default. To the extent that the defendant argues that the court should have "opened the default," his argument implies that the court should have done so sua sponte.

"In order for foreclosure cases to move as swiftly as possible through our court system, it is imperative that a defendant disclose any defenses to the mortgage debt prior to the hearing. . . . The entry of a default constitutes an admission by the [defaulted party] of the truth of the facts alleged in the complaint." (Citation omitted; internal quotation marks omitted.) *TD Banknorth, N.A.* v. *White Water Mountain Resorts of Connecticut, Inc.*, 133 Conn. App. 536, 545, 37 A.3d 766 (2012). Practice Book § 17-33 (b) provides in relevant part that "the effect of a default is to preclude the defendant from making any further defense in the case so far as liability is concerned . . . ." It also provides that "at or after the time it renders the default, [the judicial authority] . . . may also render judgment in foreclosure cases . . . provided the plaintiff . . . also [has] made a motion for judgment and provided further that any necessary affidavits of debt or accounts or statements verified by oath, in proper form, are submitted to the judicial authority." Practice Book § 17-33 (b).

The abuse of discretion standard of review applies to a court's ruling on a motion to set aside a default;

*Higgins* v. *Karp*, 243 Conn. 495, 508, 706 A.2d 1 (1998); to a motion to strike a matter from a hearing in damages list; *Spilke* v. *Wicklow*, 138 Conn. App. 251, 270, 53 A.3d 245 (2012), cert. denied, 307 Conn. 945, 60 A.3d 737 (2013); and to a ruling prohibiting a defendant from filing pleadings with respect to an amended complaint. *Willamette Management Associates, Inc.* v. *Palczynski*, 134 Conn. App. 58, 69, 38 A.3d 1212 (2012). In the present case, the court made clear that it would not give effect to the defendant's answer and did not set aside the default entered against him. This court previously has applied the abuse of discretion standard to the type of claim under consideration, one that involved a court's refusal to give effect to a defendant's answer that was filed following a default and the court's refusal to set aside a default. *Richards* v. *Trudeau*, 54 Conn. App. 859, 863, 738 A.2d 215 (1999).

"[A] foreclosure action constitutes an equitable proceeding. . . . In an equitable proceeding, the trial court may examine all relevant factors to ensure that complete justice is done. . . . The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court. . . . This court must make every reasonable presumption in favor of the trial court's decision when reviewing a claim of abuse of discretion. . . . Our review of the trial court's exercise of legal discretion is limited to the question of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Citations omitted; internal quotation marks omitted.) *Webster Bank* v. *Zak*, 71 Conn. App. 550, 556–57, 802 A.2d 916, cert. denied, 261 Conn. 938, 808 A.2d 1135 (2002).

In analyzing the issue before us, we are guided by principles set forth in two decisions of this court, *Willamette Management Associates, Inc.* v. *Palczynski*, supra, 134 Conn. App. 63–69, and *Spilke* v. *Wicklow*, supra, 138 Conn. App. 265–72. In *Willamette Management Associates, Inc.*, a defendant in a breach of contract action was defaulted for failure to plead. *Willamette Management Associates, Inc.* v. *Palczynski*, supra, 62. Subsequently, the court granted the plaintiff's motion to amend the writ of summons and complaint to correct what it deemed to be a scrivener's error, specifically, a defective return date on the writ of summons. Id., 63. After the plaintiff filed an amended complaint, the defendant filed an answer and special defense. Id. At the hearing in damages, the court declined to give effect to the answer because it was filed following the default and the amended complaint had not substantively changed the allegations brought against the defendant. Id. Thereafter, the court rendered judgment in the plaintiff's favor. Id.

On appeal to this court, the defendant in *Willamette Management Associates, Inc.*, argued in relevant part

that, in light of the filing of the amended complaint, the court erroneously had prohibited her from filing the answer to the amended complaint. Id. In considering whether the court abused its discretion, this court appears to have focused on whether it was inequitable for the court to have permitted the amendment but not the responsive pleading thereto. In rejecting the defendant's claim, this court determined that because the amended complaint did not reflect a substantial change in the pleadings, it was not inequitable for the court to have exercised its discretion in the manner that it did. Id., 68–69. This court reasoned: "From all appearances, the defect in the writ and summons had nothing at all to do with . . . [the defendant's] subsequent defaults, and there is, therefore, no equitable reason why a technical amendment to the writ of summons should create the opportunity to plead responsively. The only change between the original complaint and the amended complaint was the return date and the date of the complaint. All substantive allegations in the complaint remained precisely the same. The court did not vacate its entry of a default against the defendant, and the purpose of amending the complaint was solely to remedy a typographical error. The defendant's substantive rights were not affected by the amendment, and she has not demonstrated prejudice. If the effect of an amendment of a complaint so made is to substantially change the cause of action originally stated, the defendant is entitled to file new or amended pleadings and present further evidence. Also, if the amendment interjects material new issues, the adversary is entitled to reasonable opportunity to meet them by pleading and proof. . . . No change of any kind, and thus certainly not a substantial change, was made to the cause of action in the present case." (Citation omitted; internal quotation marks omitted.) Id.

In *Spilke* v. *Wicklow*, supra, 138 Conn. App. 265–72, this court relied on the rationale set forth in *Willamette Management Associates, Inc.* After judgment was rendered in favor of the plaintiff in *Spilke*, the defendants in *Spilke* argued, in relevant part on appeal to this court, that the trial court had abused its discretion by striking the action against them from the trial list and failing to open the default against them. Id., 265–66. The defendants in *Spilke* relied on the fact that, after the court had entered a default against them, the plaintiff filed an amended complaint. Id. In *Spilke*, this court observed that the issue in the case before it and *Willamette Management Associates, Inc.*, "primarily was whether the filing of an amended complaint after a finding of default extinguished the default and allowed the defendant to plead in response. In the present case, the plaintiff filed four amended complaints after the defendants were defaulted. . . . Although the complaints differed in some respects from the original complaint, the substantive allegations remained the same. . . . [W]e conclude

that the amendments worked no substantial change in the cause of action and that the defendants have not demonstrated any prejudice suffered." Id., 270. This court concluded that the court did not abuse its discretion in denying the defendants' motion to strike the matter from the hearing in damages list or in denying the defendants' motion to set aside the default judgment. Id., 270–72.

The analysis set forth in *Willamette Management Associates*, *Inc.*, and *Spilke* reflects that, in determining whether the filing of an amended complaint following a finding of default effectively extinguished the default and afforded a defendant an opportunity to plead in response, the dispositive inquiry is whether the amendment reflected a substantial change to the pleadings in effect at the time that the default was entered.[10] In *Willamette Management Associates*, *Inc.*, this court, citing *Mazulis* v. *Zeldner*, 116 Conn. 314, 317, 164 A. 713 (1933), stated that a primary consideration in this inquiry was whether the amendment interjected "material new issues" in the case. (Internal quotation marks omitted.) *Willamette Management Associates*, *Inc.* v. *Palczynski*, supra, 134 Conn. App. 69.

Although we have characterized our general inquiry in these types of cases as a review of the trial court's exercise of discretion, there is no dispute in our decisional law that, insofar as our review of the court's exercise of discretion requires us to interpret the pleadings, we do not afford the court discretion with respect to this aspect of its ruling. As we have stated, "[t]he interpretation of pleadings is always a question [of law] for the court . . . . The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . Although essential allegations may not be supplied by conjecture or remote implication . . . the complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties." (Internal quotation marks omitted.) *American First Federal*, *Inc.* v. *Gordon*, 173 Conn. App. 573, 584–85, 164 A.3d 776, cert denied, 327 Conn. 909, A.3d (2017). "Construction of pleadings is a question of law. Our review of a trial court's interpretation of the pleadings therefore is plenary." *Kovacs Construction Corp.* v. *Water Pollution & Control Authority*, 120 Conn. App. 646, 659, 992 A.2d 1157, cert. denied, 297 Conn. 912, 995 A.2d 639 (2010).

Our comparison of the original and amended complaints readily reveals that the amended complaint filed following the default interjected material new issues in the case, thereby substantially changing the pleadings. As set forth previously in this opinion, in contrast to the original, one count complaint brought against the defendant by Chase, the amended, six count complaint

subsequently brought by Chase raised the issue of whether the line of credit held by Bank of America should be considered as a prior or subsequent lien on the subject property. The amended complaint contained new counts in which the plaintiff sought equitably to subordinate the interest of Bank of America to its mortgage interest, and two new counts directed at the defendant. The original complaint, sounding in foreclosure, invoked the court's equitable powers. Count five of the amended complaint sounded in unjust enrichment and count six accused the defendant of engaging in fraudulent conduct. The amended complaint, which was filed by Chase, interjected new material factual allegations and new legal theories on which the plaintiff relied.

The new material factual allegations and legal theories set forth in the amended complaint were not merely technical in nature. In counts five and six of the amended complaint, Chase alleged that the defendant caused it "loss and damage" when he continued to draw on Bank of America's line of credit. In its prayer for relief in the amended complaint, Chase sought, inter alia, attorney's fees, costs, and "such other relief . . . as may be required."[11] The amended complaint reasonably could be interpreted to seek monetary damages for the fraud and unjust enrichment claims set forth in counts five and six of the amended complaint, and, thus, the amended complaint materially altered the nature of the claims against the plaintiff. Because a default acts as a judicial admission of the facts set forth in a complaint, it is difficult to afford weight to the plaintiff's argument that the default entered with respect to the original complaint could be interpreted to apply to the materially new claims to which the defendant was exposed as set forth in the amended complaint, which included, but were not limited to, claims of fraud and unjust enrichment on his part.[12]

In light of the changes to the plaintiff's case that were reflected in the amended complaint, it was inequitable for the court not to have considered the default entered in 2010 to have been extinguished.[13] Thus, the court should have considered the defendant's answer to the amended complaint as well as his disclosed defense. Although it was appropriate for the court to have considered the lengthy period of time that followed the entry of the default, it nonetheless abused its discretion by failing to consider the effect of the amended complaint upon that default. "If the effect of an amendment of a complaint . . . is to substantially change the cause of action originally stated, the defendant is entitled to file new or amended pleadings and present further evidence. Also, if the amendment interjects material new issues, the adversary is entitled to reasonable opportunity to meet them by pleading and proof." *Mazulis* v. *Zeldner*, supra, 116 Conn. 317.

In light of the foregoing analysis, the proper remedy

is to reverse the judgment of strict foreclosure and to remand the case to the trial court for further proceedings consistent with this opinion.

The judgment granting strict foreclosure is reversed and the case is remanded for further proceedings consistent with this opinion; the judgment is affirmed in all other respects.

In this opinion PRESCOTT, J., concurred.

[1] In December, 2009, the named plaintiff, Chase Home Finance, LLC (Chase), commenced this action against the defendant, Daniel J. Scroggin also known as Daniel F. Scroggin also known as Daniel Scroggin.

In September, 2010, Chase filed a motion to cite in Bank of America, N.A. (Bank of America), as a third party defendant. The court granted this motion. Subsequently, the plaintiff served Bank of America with an amended complaint that alleged that Bank of America was a lien holder. In March, 2011, Bank of America was defaulted for failure to appear. In January, 2012, Middconn Federal Credit Union sought to be made a party defendant to the action as a postjudgment lis pendens holder. The court granted the request. Later, Middconn Federal Credit Union was defaulted for failure to plead and failure to disclose a defense.

In June, 2012, Chase moved to substitute JPMorgan Chase Bank, N.A., as plaintiff in the action. The court granted the motion. In June, 2014, JPMorgan Chase Bank, N.A., moved to substitute Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC, its Trustee, as plaintiff in the action. The court granted the motion. In July, 2015, Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC, its Trustee, moved to substitute AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, F.S.B., Trustee as plaintiff in the action. The court granted the motion. Ultimately, the court rendered judgment in favor of AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, F.S.B., Trustee and, in this opinion, we will refer to that entity as the plaintiff, and we will refer to Daniel J. Scroggin also known as Daniel F. Scroggin also known as Daniel Scroggin as the defendant.

[2] General Statutes § 52-121 (a) provides: "Any pleading in any civil action may be filed after the expiration of the time fixed by statute or by any rule of court until the court has heard any motion for judgment by default or nonsuit for failure to plead which has been filed in writing with the clerk of the court in which the action is pending."

[3] In light of our resolution of the plaintiff's first claim, which is dispositive of the appeal, we need not reach the merits of the second claim.

[4] During parts of 2010, the defendant, with the court's permission, participated in a foreclosure mediation program. In January, 2011, the mediator issued a final report terminating mediation and referring the matter back to the court.

[5] Pursuant to Practice Book § 10-60 (a) (3), if the defendant did not object to the proposed amended complaint within fifteen days, the amendment was deemed to have been filed by the consent of the defendant.

[6] On September 8, 2010, the plaintiff filed a motion to cite in Bank of America as a party defendant on the ground that it "[had] an interest in this action subsequent in right to that of the plaintiff, and therefore, is or may be liable to the plaintiff, as set forth in the . . . amended complaint." On September 21, 2010, the court granted the motion. We observe that, in its proposed amended complaint, the plaintiff alleged that Bank of America's mortgage lien was recorded prior to the time that it recorded its interest in the subject property, but that Bank of America's interest should be equitably subrogated to its interest in the property.

[7] We note that these allegations are somewhat confusing. In its brief to this court, the plaintiff indicates that the changes reflected in the amended complaint were because Chase sought equitable subrogation with respect to Bank of America's prior mortgage lien on the subject property. The plaintiff states that the lien was related to an equity line of credit which was paid off at the closing transaction between Chase and the defendant on June 20, 2007, but that Bank of America never released its lien and thereafter continued to advance funds to the defendant. We note that in its complaint Chase used the term "equitable subrogation" but, in its brief, the plaintiff uses the term "equitable subordination."

"In mortgage law, [a] fundamental principle is that a mortgage that is recorded first is entitled to priority over subsequently recorded mortgages

provided that every grantee has a reasonable time to get his deed recorded. . . . This principle is referred to as the first in time, first in right rule. . . . The doctrine of equitable subrogation provides an exception to the first in time, first in right rule . . . .

"Subrogation is a doctrine which equity borrowed from the civil law and administers so as to secure justice without regard to form or mere technicality. . . . It is broad enough to include every instance in which one party pays a debt for which another is primarily answerable, and which, in equity and good conscience, should have been discharged by the latter. It is a legal fiction through which one who, not as a volunteer or in his own wrong and where there are no outstanding and superior equities, pays the debt of another, is substituted to all the rights and remedies of the other, and the debt is treated in equity as still existing for his benefit. . . .

"In numerous cases it has been held that one who advances money to discharge a prior lien on real or personal property and takes a new mortgage as security is entitled to be subrogated to the rights under the prior lien against the holder of an intervening lien of which he was ignorant. . . . The intention of the parties to the transaction is the controlling consideration. . . . Ultimately, as our Supreme Court has noted, [t]he object of [legal or equitable] subrogation is the prevention of injustice." (Citations omitted; internal quotation marks omitted.) *AJJ Enterprises*, *LLP* v. *Jean-Charles*, 160 Conn. App. 375, 395–96, 125 A.3d 618 (2015).

[8] The plaintiff argues that the court's decision to disregard the defendant's answer was proper in light of Practice Book §§ 17-32 (b) and 17-42. Practice Book § 17-32 (b) provides: "If a party who has been defaulted under this section files an answer before a judgment after default has been rendered by the judicial authority, the default shall automatically be set aside by operation of law unless a claim for a hearing in damages or a motion for judgment has been filed. If a claim for a hearing in damages or a motion for judgment has been filed, the default may be set aside only by the judicial authority. A claim for a hearing in damages or motion for judgment shall not be filed before the expiration of fifteen days from the date of notice of issuance of the default under this subsection." Practice Book § 17-42 provides: "A motion to set aside a default where no judgment has been rendered may be granted by the judicial authority for good cause shown upon such terms as it may impose. As part of its order, the judicial authority may extend the time for filing pleadings or disclosure in favor of a party who has not been negligent. Certain defaults may be set aside by the clerk pursuant to Sections 17-20 and 17-32." As we will discuss further in this opinion, this rationale does not apply when, as in the present case, subsequent to obtaining a default, the plaintiff files an amended pleading that materially alters the claims.

[9] The present appeal is from the strict foreclosure judgment entered on count one of the amended complaint. The defendant has not appealed from the judgment rendered against him on counts five or six of the amended complaint.

[10] This approach is consistent with 49 C.J.S. 300, Judgments § 263 (2009), which provides: "Where the declaration or complaint is amended in a matter of substance after the defendant has defaulted, the amendment opens the case in default, and a valid default judgment cannot thereafter be entered on the amended pleading unless the defaulting defendant is properly notified of or served with the amended pleading and given an opportunity to plead, and then fails to do so within the proper time, particularly when the damages are increased in the amended petition. However, where the amendment is not as to a matter of substance, but only as to an immaterial or formal matter, notice or service of the amendment is not necessary before entering judgment by default.

"The filing of an amended complaint invalidates the original complaint, for purposes of taking a default judgment." (Footnotes omitted.)

[11] Consistent with the prayer for relief set forth in the original complaint, the prayer for relief in the amended complaint also sought: "(1) A foreclosure of said mortgage.

"(2) Immediate possession of the mortgaged premises.

"(3) A deficiency judgment. . . .

"(4) The appointment of a receiver to collect rents and profits accruing from the premises.

"(5) Reasonable attorney's fees and costs.

"(6) Such other relief and further equitable relief as may be required."

[12] The plaintiff, while acknowledging that the changes made by way of the amended complaint were not merely to address a scrivener's error,

nonetheless argues that the amended complaint did not constitute a material change in the action. At the time of oral argument before this court, the plaintiff conceded that, if the changes that it made by means of the amended complaint were material in nature, then, in light of its failure to obtain a default with respect to the amended complaint, the court acted improperly by granting the motion for judgment of strict foreclosure.

[13] The dissent argues in part that because the defendant only has appealed from the judgment rendered on the foreclosure count, there is no error to consider because that particular count was not materially altered by virtue of the amended complaint. Assuming, arguendo, that count one was not materially altered by the allegation regarding Bank of America's mortgage, we respectfully suggest that the dissent appears to overlook the fact that, by failing to consider the defendant's answer, the court deprived the defendant of an opportunity to extinguish the default on the foreclosure count, which would have permitted him to defend the foreclosure action in count one.

---