VERA FAIGEL *v.* FAIRFIELD UNIVERSITY
(AC 22007)

Foti, Mihalakos and Peters, Js.

Argued October 22, 2002—officially released February 11, 2003

*Dawne Westbrook*, with whom, on the brief, was *John R. Williams*, for the appellant (plaintiff).

*Michael C. Jankovsky*, for the appellee (defendant).

*Opinion*

PETERS, J. In this state, under special circumstances, a student may challenge her dismissal from an educational program as a breach of contract. *Gupta* v. *New Britain General Hospital*, 239 Conn. 574, 592–93, 687 A.2d 111 (1996). To limit judicial intrusion into educational decision making, the student must, however, allege nonperformance of a special promise, a promise outside the purview of normal educational expectations. Id. The central issue in this case is whether a student's claim of breach of contract met this exacting standard. The trial court concluded that it did not and rendered judgment in favor of the educational institution. We agree.

The plaintiff, Vera Faigel, an immigrant from Russia, filed a four count complaint against the defendant, Fairfield University. She alleged that the defendant (1) failed to perform its contractual obligation to give her proper credit for her academic achievements in Russia, (2) obtained tuition payments by false pretenses, (3) intentionally or recklessly caused her to suffer emotional distress and (4) violated General Statutes § 42-110b of the Connecticut Unfair Trade Practices Act. She did not make a tort claim of educational malpractice.

The defendant responded by filing a motion for summary judgment with respect to each count of the plaintiff's complaint. In light of facts disclosed in an affidavit attached to the motion, the defendant asserted that the case presented no disputed material facts and no basis for an action for breach of a contractual promise.

The plaintiff opposed the motion, claiming that there were factual disputes about the reason why she agreed to withdraw from the defendant's nursing school. She alleged that she would have been a student in good standing if the defendant had honored its contractual obligations to her. The plaintiff did not, however, file a counteraffidavit but submitted only her sworn interrogatory answers and her deposition testimony.[1]

The trial court granted the motion for summary judgment and filed a memorandum of decision stating the reasons for its decision. Citing *Gupta* v. *New Britain General Hospital*, supra, 239 Conn. 592–93, the court held that "the information submitted by the plaintiff does not raise an issue that the decision of the [defendant] requiring her withdrawal from the nursing curriculum was anything other than a purely academic decision . . . or that it was based upon a breach of a 'contractual promise distinct from any overall obligation to offer a reasonable program.' "

The plaintiff's appeal challenges the propriety of the trial court's order of summary judgment on the same grounds that she raised in her opposition to the defendant's motion at trial. Our consideration of these claims is governed by a well established standard of review. "Pursuant to Practice Book § 17-49, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no

---

[1] The plaintiff submitted these documents to the court in their entirety, without identifying *any* statement therein that might have rebutted the allegations in the defendant's affidavit.

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Such questions of law are subject to plenary appellate review." (Internal quotation marks omitted.) *Mytych* v. *May Dept. Stores Co.*, 260 Conn. 152, 158–59, 793 A.2d 1068 (2002). In deciding whether the trial court properly determined that there was no genuine issue of material fact, we review the evidence in the light most favorable to the nonmoving party. *B & D Associates, Inc.* v. *Russell*, 73 Conn. App. 66, 69, 807 A.2d 1001 (2002); *Yancey* v. *Connecticut Life & Casualty Ins. Co.*, 68 Conn. App. 556, 558, 791 A.2d 719 (2002).

We start our discussion of the plaintiff's appeal by examining the merits of the first count of the plaintiff's complaint, in which she alleged a breach of contract. Our resolution of the validity of this count is, as the trial court held, dispositive of the remaining counts of the plaintiff's complaint.

There is no dispute about the underlying facts. In 1991, the plaintiff enrolled in the defendant's school of nursing in an eighteen month accelerated program for obtaining a bachelor of science degree in nursing. This was a nursing program designed for applicants who already had a bachelor of science degree in another field. Because the plaintiff had obtained a master of science degree in engineering in Russia, the defendant gave the plaintiff credit for some, but not all, of the courses she had successfully completed there. Thereafter, the defendant required the plaintiff to take additional liberal arts courses to provide the foundation for her nursing studies. After encountering serious academic and clinical difficulties, the plaintiff was dismissed from the nursing school in September, 1994, because she failed to pass a final motor performance examination. She had agreed, in writing, that failure to pass this examination would require her to withdraw from continuation in the nursing program.

According to the plaintiff, this factual showing did not establish that she was required to withdraw from the defendant's nursing program for academic reasons, as the trial court held. Her argument has two parts.

First, the plaintiff argues that the withdrawal agreement was not enforceable because, as she had alleged in her complaint, she had signed the withdrawal agreement under protest because if she had not done so, she would have had "no chance to continue the nursing program." In the absence of any further factual elaboration of this claim, this allegation does not give rise to a cognizable factual dispute.

Second, the plaintiff argues that, even if the withdrawal agreement was valid on its face, the academic and clinical problems that it documents are not the proper measure of her performance. This argument arises out of her allegation that the defendant failed to honor its oral promise that she would receive "many credits" for her Russian educational experience. As a result of this breach of promise, the plaintiff alleged, the defendant required her to take eleven additional liberal arts courses that impaired her timely completion of the nursing program. In the same vein, she alleged that, if she had not been required to take these additional courses, by the time of her withdrawal she would have fulfilled all of the criteria for good standing that existed when she enrolled. In effect, she argues that her performance was judged by a standard that differed from that of which she had been advised at the time of her enrollment in the nursing school.

The linchpin for the plaintiff's argument is her contention that the promise on which she allegedly relied is a promise that is enforceable. It is not dispositive that the alleged promise was oral. It is, however, dispositive that the alleged promise did not satisfy the criteria

for an action for breach of contract in an educational context that were set out in *Gupta.*

In *Gupta,* our Supreme Court stated that a student contesting dismissal from an educational program could pursue an action for breach of contract only under one of two circumstances. To succeed, the student would have to make a showing that "the educational program failed in some fundamental respect, as by not offering any of the courses necessary to obtain certification in a particular field" or that "the educational institution failed to fulfill a specific contractual promise distinct from any overall obligation to offer a reasonable program." *Gupta* v. *New Britain General Hospital,* supra, 239 Conn. 592–93. Only the second of these alternatives is applicable in this case.

We must decide, therefore, whether an alleged promise that "the plaintiff would be allowed 'many credits' from her prior engineering studies" qualifies as a "specific contractual promise." We conclude that it does not. How many is many? None of the plaintiff's allegations of fact sheds any light on the answer to this question. Bearing in mind that it was the plaintiff's burden to allege a factual basis for her claim of breach of promise, we conclude that the promise that she has alleged is too imprecise to qualify for consideration as a "specific contractual promise."

We have searched Connecticut case law to ascertain whether cases decided since *Gupta* have moved away from the requirement that a claim of breach of contract by an educational institution must be based on the breach of a "specific contractual promise." We have found none that does so.

The closest case is *Craine* v. *Trinity College,* 259 Conn. 625, 791 A.2d 518 (2002). In that case, our Supreme Court, after citing *Gupta,* concluded that a college was liable for breach of contract because it had

denied tenure to a college professor on the basis of standards that differed significantly from those of which she had previously been informed. Id., 654–59.

*Craine* resembles this case because it, too, addresses a claim of a shift in standards for academic achievements. *Craine* differs from this case in that the plaintiff's complaint rested on the contents of a faculty handbook. The court held that the faculty handbook was a binding employment contract. Id., 655. The handbook contained specific provisions with respect to tenure with which the college did not comply. Id., 656. *Craine* illustrates that the possibility of pleading a "specific contractual promise" is not ephemeral. In our view, *Craine* is consistent with our application of the *Gupta* standards in this case.

In two other cases, our courts have found *Gupta* to be inapplicable. A plaintiff need not allege a "specific contractual promise" to pursue a claim of physical injury resulting from a breach of an educational institution's "common-law duty not to cause physical injury by negligent conduct . . . ." *Doe* v. *Yale University*, 252 Conn. 641, 659, 748 A.2d 834 (2000); *Vogel* v. *Maimonides Academy of Western Connecticut, Inc.*, 58 Conn. App. 624, 631, 754 A.2d 824 (2000). As a matter of law, these cases do not address the enforceability of any other claim of breach of contract. As a matter of fact, these cases are distinguishable because the plaintiff in this case has not claimed that the defendant has caused her to suffer physical injury.

In sum, we conclude that none of the allegations contained in count one of the plaintiff's complaint was supported sufficiently by allegations of fact to rebut the defendant's motion for summary judgment. In light of the criteria set out in *Gupta*, the trial court properly granted the defendant's motion for summary judgment with respect to count one.

We turn now to the remaining counts of the plaintiff's complaint, in which she alleged that the defendant had obtained money from her under false pretenses, had caused her to suffer emotional distress and had committed an unfair trade practice. The trial court granted the defendant's motion for summary judgment with respect to each of these counts. We agree.

Our conclusion that the plaintiff failed to allege sufficient facts with respect to her contract claims is dispositive of these counts. Each of them is predicated on the allegation that the defendant engaged in some act that fairly can be characterized as misconduct.

The factual basis for each of these claims of misconduct is, however, the same set of factual allegations on which the plaintiff relied in count one. In light of this factual footing, where and when and how did the defendant engage in misconduct of any kind? The failure to honor an unenforceable promise is not misconduct. The plaintiff has not identified any other alleged act of misconduct. It follows that the defendant was entitled to summary judgment on these counts as well.[2]

The trial court properly granted the motion of the defendant for summary judgment on all counts of the plaintiff's complaint.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] Nonetheless, irrespective of the outcome of this litigation, in its most important aspect the plaintiff's story has a happy ending. The plaintiff's commitment to her chosen profession is laudable. She has become a licensed registered nurse because of her success in completing a different nursing program.