ROBERT MARUT *v.* INDYMAC BANK, FSB, ET AL.
(AC 33087)

DiPentima, C. J., and Alvord and Bishop, Js.

Argued October 11, 2011—officially released January 3, 2012

*Jason E. Pearl,* for the appellant (plaintiff).

*Peter A. Ventre,* with whom, on the brief, was *Geoffrey K. Milne,* for the appellee (defendant Hunt Leibert Jacobson, P.C.).

*Opinion*

DiPENTIMA, C. J. The plaintiff, Robert Marut, appeals from the grant of summary judgment in favor of the defendant Hunt Leibert Jacobson, P.C.[1] The plaintiff argues that the trial court improperly (1) rendered summary judgment when genuine issues of material fact existed and (2) denied his motion to open that judgment. We disagree and, accordingly, affirm the judgment of the trial court.

This appeal arises out of a foreclosure action. In early 2008, IndyMac Bank, FSB (IndyMac), commenced a foreclosure action against the plaintiff involving property located at 100 Whitney Street in Hartford. Indy-Mac's counsel in the foreclosure action was the defendant. On May 4, 2009, a judgment of strict foreclosure was rendered in favor of IndyMac. Pursuant to General Statutes § 47a-11b,[2] the defendant issued a certified notice, dated August 25, 2009, to the plaintiff notifying him that he needed to contact the defendant within

---

[1] On May 6, 2010, the plaintiff withdrew his action against IndyMac Bank, FSB, leaving Hunt Leibert Jacobson, P.C., as the sole defendant.

[2] General Statutes § 47a-11b (b) provides: "If all the occupants abandon the dwelling unit, the landlord may send notice to each occupant at his last-known address both by regular mail, postage prepaid, and by certified mail, return receipt requested, stating that (1) he has reason to believe that the occupant has abandoned the dwelling unit, (2) he intends to reenter and take possession of the dwelling unit unless the occupant contacts him within ten days of receipt of the notice, (3) if the occupant does not contact him,

ten days and to remove his personal property within thirty days of the notice, or that such personal property would be disposed of pursuant to § 47a-11b (d). The certified notice, sent to 100 Whitney Street in Hartford, was returned to the defendant by the post office with a handwritten notation, "Vacant," and was dated August 27, 2009. A number of prior communications in the foreclosure action were mailed by the defendant to the plaintiff at 979 Farmington Avenue in Berlin, including one dated May 12, 2009.[3] At the time the certified notice was sent to 100 Whitney Street, the plaintiff did not reside there, did not receive mail there, and did not have access to the property. Accordingly, the plaintiff did not receive the letter, the deadline to take action passed, and the plaintiff's personal property was removed and disposed.

As a result, the plaintiff filed this conversion action against IndyMac and the defendant by complaint dated January 8, 2010. The plaintiff claims that the defendant is responsible for changing the locks at 100 Whitney Street and removing the plaintiff's personal property. In response, on March 11, 2010, the defendant filed an initial motion for summary judgment, and the plaintiff filed an objection with supporting affidavits and exhibits. On May 21, 2010, the court denied the defendant's

he intends to remove any possessions and personal effects remaining in the premises and to rerent the premises and (4) if the occupant does not reclaim such possessions and personal effects within thirty days after the notice, they will be disposed of as permitted by this section. The notice shall be in clear and simple language and shall include a telephone number and a mailing address at which the landlord can be contacted. If the notices are returned as undeliverable, or the occupant fails to contact the landlord within ten days of the receipt of the notice, the landlord may reenter and take possession of the dwelling unit, at which time any rental agreement or lease still in effect shall be deemed to be terminated."

[3] Nothing in the record provides any explanation as to why the defendant would have changed the address it used to correspond with the plaintiff for purposes of the August 25, 2009 certified notice.

motion for summary judgment. Thereafter, the defendant attempted to engage in discovery. After a number of discovery requests, the only documents provided by the plaintiff to the defendant were a two page summary of the plaintiff's interactions with IndyMac and two e-mails between the plaintiff and IndyMac.

On November 17, 2010, the defendant filed a second motion for summary judgment, and a hearing was scheduled for December 6, 2010. The plaintiff received notice on November 30, 2010, and filed a motion for a continuance and an objection to the motion for summary judgment on December 3, 2010, but provided no explanation for his anticipated absence from the hearing. On December 3, 2010, the court denied the plaintiff's continuance request. Thereafter, the plaintiff's counsel failed to appear at the oral argument on December 6, 2010, and the court stated that it would not entertain the plaintiff's objection and treated the motion for summary judgment as unopposed and, therefore, granted the defendant's motion.[4] The plaintiff subsequently filed a motion to open the December 6, 2010 judgment, which the court denied. This appeal followed. Additional facts will be set forth as necessary.

We begin by setting forth the standard of review. "Pursuant to Practice Book § 17-49, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Such questions of law are subject to plenary appellate review. . . . In deciding whether the trial court properly determined that there was no genuine issue of material fact, we review the evidence in the light most favorable to the

---

[4] The trial court's order granting the motion for summary judgment stated, in its entirety: "Plaintiff's objection untimely, and his counsel failed to appear for argument. On the merits, plaintiff's objection failed to rebut defendant's claim that there is no genuine dispute as to a material fact."

nonmoving party." (Citation omitted; internal quotation marks omitted.) *Faigel* v. *Fairfield University*, 75 Conn. App. 37, 39–40, 815 A.2d 140 (2003).

"Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue . . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court . . . ." (Internal quotation marks omitted.) *Hodgate* v. *Ferraro*, 123 Conn. App. 443, 459, 3 A.3d 92 (2010). Furthermore, this court has stated: "It is frequently stated in Connecticut's case law that, pursuant to Practice Book §§ 17-45 and 17-46, a party opposing a summary judgment motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . [T]ypically [d]emonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred." (Internal quotation marks omitted.) *Shukis* v. *Board of Education*, 122 Conn. App. 555, 565, 1 A.3d 137 (2010). A material fact is one that will make a difference in the result of the case. *Double G.G. Leasing, LLC* v. *Underwriters at Lloyd's, London*, 116 Conn. App. 417, 426, 978 A.2d 83, cert. denied, 294 Conn. 908, 982 A.2d 1082 (2009).

We now set forth the relevant law of conversion that will guide our analysis. Conversion is an "unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights. . . . It is some unauthorized act which deprives another of his property permanently or for an indefinite time; some unauthorized assumption and

exercise of the powers of the owner to his harm. The essence of the wrong is that the property rights of the plaintiff have been dealt with in a manner adverse to him, inconsistent with his right of dominion and to his harm." (Internal quotation marks omitted.) *Aetna Life & Casualty Co.* v. *Union Trust Co.*, 230 Conn. 779, 790–91, 646 A.2d 799 (1994). To establish a valid claim of conversion, a plaintiff must establish "legal owner-ship or right to possession in the particular thing . . . that the defendant is alleged to have converted." (Inter-nal quotation marks omitted.) *Macomber* v. *Travelers Property & Casualty Corp.*, 261 Conn. 620, 650, 804 A.2d 180 (2002).

I

The plaintiff puts forth two arguments as to why genuine issues of material fact exist and, therefore, the defendant's motion for summary judgment should not have been granted. First, the plaintiff argues that the pleadings contain clear and genuine issues of material fact. More specifically, the plaintiff contends that the defendant's answer, which denies multiple allegations put forth in the complaint, creates a genuine issue of material fact as to whether the defendant ever assumed or exercised control over the plaintiff's property. Although it is true that the defendant denied various allegations of the plaintiff's complaint, it is not enough for the plaintiff merely to assert the existence of a disputed issue without the support of any evidence disclosing the existence of such an issue. See *Pion* v. *Southern New England Telephone Co.*, 44 Conn. App. 657, 663, 691 A.2d 1107 (1997) ("[t]he existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence" [internal quotation marks omitted]). The plaintiff did provide an affidavit to the court on April 21, 2010, in support of his allegations; however, that affidavit was provided in

connection with the first summary judgment proceeding and was the only affidavit that the plaintiff provided. Furthermore, as the court noted in its April 27, 2011 articulation, the affidavit did not dispute the defendant's evidence that it had no role in changing the locks. The affidavit stated that the plaintiff's personal property, prior to going missing, was last in the custody and control of the defendant; however, the plaintiff provided no supporting evidence for this conclusory statement. See *Hoskins* v. *Titan Value Equities Group, Inc.*, 252 Conn. 789, 793–94, 749 A.2d 1144 (2000) ("[a] conclusory assertion . . . does not constitute evidence sufficient to establish the existence of a disputed material fact for purposes of a motion for summary judgment"). Moreover, the documents provided by the plaintiff during discovery did not rebut the evidence provided by the defendant concerning its alleged role in changing the locks.[5] In fact, the documentation provided only supports that the plaintiff contacted IndyMac regarding the changed locks and accessing the property, not the defendant. As a result, the plaintiff failed to establish a genuine issue of material fact because no evidence was provided to support the allegations that the defendant changed the locks on the property or removed the plaintiff's personal property.

The plaintiff's second argument concerning the presence of a genuine issue of material fact is that a factual dispute existed as to what was known, by the defendant, to be the plaintiff's "last-known address" for purposes of the notice requirement of § 47a-11b. The plaintiff argues that without the statutory notice properly addressed to the "last-known address" of the plaintiff, the defendant did not have a statutory right to remove or dispose of the plaintiff's personal property. Although this may be true, it is not relevant to the plaintiff's

---

[5] The defendant attached to its motion for summary judgment all of the documents it received from the plaintiff in response to its discovery requests.

present cause of action for conversion. Whether or not the defendant complied with § 47a-11b is not a condition or element of conversion. Even if the defendant did not comply with the notice requirement of § 47a-11b, the plaintiff's claim of conversion against this defendant is not advanced in any way. Such a finding does not equate to evidence of control or dominion over the plaintiff's personal property by the defendant. Therefore, although the question of what exactly the defendant knew to be the plaintiff's "last-known address" might be a disputed fact, it is not material to the plaintiff's claim of conversion.

II

The plaintiff's second claim is that the court improperly denied his motion to open the summary judgment decision because he was not afforded oral argument at the hearing on the defendant's motion for summary judgment. We disagree.

The standard of review on a motion to open a judgment under Practice Book § 17-4 is whether the trial court abused its discretion. See *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 95, 952 A.2d 1 (2008). The grounds of the motion to open were not to submit new evidence, or newly discovered evidence, but simply to hold another oral argument. The plaintiff relies on Practice Book § 11-18 (a), which states that a motion for summary judgment is subject to oral argument as of right.[6] The court, however, is not responsible for absenteeism in the courts by either the parties or their counsel. The court afforded the plaintiff the opportunity for oral argument on December 6, 2010, in accordance with

---

[6] Practice Book § 11-18 (a) states in relevant part: "Oral argument is at the discretion of the judicial authority except as to motions to dismiss, motions to strike, motions for summary judgment, motions for judgment of foreclosure, and motions for judgment on the report of an attorney trial referee and/or hearing on any objections thereto. For those motions, oral argument shall be a matter of right . . . ."

Practice Book § 11-18 (a), but the plaintiff did not appear after his motion for a continuance was denied. As the court noted in its January 5, 2011 order, Practice Book § 11-18 (d) also provides in relevant part: "Failure to appear and present argument on the date set by the judicial authority shall constitute a waiver of the right to argue unless the judicial authority orders otherwise." Therefore, the court did not abuse its discretion in denying the motion to open.

The judgment is affirmed.

In this opinion the other judges concurred.