******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

CHASE HOME FINANCE, LLC *v.* DANIEL J.
SCROGGIN
(AC 41929)

Keller, Moll and Bishop, Js.

*Syllabus*

The plaintiff, C Co., sought to foreclose a mortgage on certain real property
owned by the defendant, S, who was defaulted for failure to plead.
Thereafter, the trial court granted the motion filed by the substitute
plaintiff, A Co., for a judgment of strict foreclosure and rendered judg-
ment thereon, from which S appealed to this court, which reversed in
part the trial court's judgment and remanded the case to that court for
further proceedings. Following the remand, A Co. filed a motion for
summary judgment as to liability only on count one of its operative, six
count amended complaint. Subsequently, S filed a motion for an exten-
sion of time to respond to A Co.'s motion for summary judgment, which
the court denied as untimely. The parties appeared before the court at
short calendar on A Co.'s motion for summary judgment, which had
been marked ready. The court granted A Co.'s motion for summary
judgment, absent opposition. S's counsel then stated that, pursuant to
statute (§ 51-183c), the court was required to recuse itself. The court
responded by asking whether S's counsel had filed a motion to recuse,
to which he indicated that he had not, and the short calendar proceeding
concluded. Subsequently, A Co. filed a motion for a judgment of strict
foreclosure, which the trial court granted and rendered judgment
thereon, from which S appealed to this court. *Held*:

1. S could not prevail on his claim that, pursuant to § 51-183c, the trial
court judge should have recused herself from ruling on material issues
following this court's reversal of the judgment of strict foreclosure, as
§ 51-183c did not apply because there was no trial within the meaning
of the statute; our appellate courts have repeatedly concluded that § 51-
183c does not require recusal where the adversarial proceeding at issue
did not constitute a trial, and, thus, § 51-183c did not apply in the present
case so as to require the recusal of the trial judge following the reversal
of the judgment of strict foreclosure because that judge had not presided
over any trial, as the judgment of strict foreclosure was rendered in
the context of a short calendar proceeding, to which § 51-183c does
not apply.

2. The trial court erred by granting A Co.'s motion for summary judgment
without hearing oral argument on that motion pursuant to the applicable
rule of practice (§ 11-18): the opportunity for oral argument required
by § 11-18 (a) was not provided during the short calendar proceeding,
as the trial court, upon confirming that S had not filed a written response
to A Co.'s motion for summary judgment, did not inquire as to whether
S's counsel wanted to be heard to argue whether A Co. had met its
initial burden, but, instead, the court immediately granted the motion
absent opposition; moreover, although A Co. claimed that S did not
comply with the procedural requirements of § 11-18 (a) (2) because he
failed to file a written notice seeking oral argument, the two conditions
for oral argument being a matter of right for motions for summary
judgment contained in § 11-18 (a) are disjunctive, and S satisfied the
condition contained in § 11-18 (a) (1), as A Co.'s motion for summary
judgment had been marked ready; furthermore, although A Co. claimed
that S waived oral argument as to its motion for summary judgment
under § 11-18 (d), which provides that the "[f]ailure to appear and present
argument on the date set by the judicial authority shall constitute a
waiver of the right to argue unless the judicial authority orders other-
wise," that claim failed because not only did S's counsel appear for oral
argument, but the trial court ruled on the motion before either party
could argue the merits of the motion, and because S had a right to oral
argument, which was not waived, with respect to A Co.'s motion for
summary judgment, the court improperly adjudicated that motion with-
out permitting oral argument on the merits.

3. S's claim that the trial court abused its discretion in denying on timeliness

grounds his motion for an extension of time to respond to A Co.'s motion for summary judgment was unavailing: the forty-five day period set forth in the applicable rule of practice (§ 17-45 [b]) for the filing of a response to A Co.'s motion for summary judgment passed without S filing a response or a motion for an extension of time, and although S claimed that the trial court abused its discretion by denying his motion for an extension of time as untimely because the applicable rule of practice (§ 17-47), which allows the court to grant a continuance for discovery purposes on the basis of reasons stated in the affidavits of a party opposing a motion for summary judgment, contains no timing requirement, Practice Book § 17-47 imports the forty-five day filing deadline set forth in Practice Book § 17-45 (b); moreover, this court rejected S's claim that an alleged undocumented agreement between counsel, specifically, that A Co. would not claim its motion for summary judgment until S had taken a deposition of A Co.'s corporate designee, can usurp the requirements of the rules of practice, including the need to seek extensions of time in a timely manner.

Argued September 24—officially released December 17, 2019

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the defendant, and for other relief, brought to the Superior Court in the judicial district of Middlesex, where the defendant was defaulted for failure to plead; thereafter, Bank of America, N.A., was cited in as a defendant and the plaintiff filed an amended complaint; subsequently, AJX Mortgage Trust I was substituted as the party plaintiff; thereafter, the court, *Aurigemma, J.*, granted the substitute plaintiff's motion for judgment as to counts two through six of the amended complaint; subsequently, the court granted the substitute plaintiff's motion for a judgment of strict foreclosure and rendered judgment thereon, from which the named defendant appealed to this court, which reversed in part the trial court's judgment and remanded the case for further proceedings; thereafter, the substitute plaintiff withdrew counts five and six of the amended complaint; subsequently, the court, *Aurigemma, J.*, denied the named defendant's motion for an extension of time to file an opposition to the substitute plaintiff's motion for summary judgment as to liability only on count one of the amended complaint; thereafter, the court, *Aurigemma, J.*, granted the substitute plaintiff's motion for summary judgment, denied the named defendant's motion to reargue and for reconsideration, and granted the substitute plaintiff's motion for a judgment of strict foreclosure and rendered judgment thereon, from which the named defendant appealed to this court. *Reversed*; *further proceedings*.

*Thomas P. Willcutts*, with whom, on the brief, was *Michael J. Habib*, for the appellant (named defendant).

*Benjamin T. Staskiewicz*, for the appellee (substitute plaintiff).

*Opinion*

MOLL, J. The defendant, Daniel J. Scroggin also known as Daniel F. Scroggin also known as Daniel Scroggin, appeals from the judgment of strict foreclosure rendered by the trial court, for the second time, in favor of the substitute plaintiff, AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee.[1] The defendant makes the following claims on appeal: (1) the trial court improperly failed to recuse itself pursuant to General Statutes § 51-183c following our remand in *Chase Home Finance, LLC* v. *Scroggin*, 178 Conn. App. 727, 176 A.3d 1210 (2017) (*Chase I*); (2) the trial court erred by granting the plaintiff's motion for summary judgment as to liability only without hearing oral argument on that motion; and (3) the trial court erred in denying on timeliness grounds the defendant's motion for an extension of time, filed pursuant to Practice Book § 17-47, to respond to the plaintiff's motion for summary judgment. We agree with the defendant's second claim and, accordingly, reverse the judgment of the trial court.[2]

We begin with an abbreviated recitation of the factual and procedural background of this dispute, as set forth by this court in *Chase I*. "In December, 2009, Chase commenced the present foreclosure action against the defendant. In its original one count complaint, Chase alleged, in relevant part, that on July 20, 2007, the defendant executed a promissory note in the amount of $217,500 in favor of Chase Bank USA, N.A., and that the loan was secured by a mortgage of the premises located at 25 Church Street in Portland, which was owned by and in the possession of the defendant. Chase alleged that the mortgage was recorded on the Portland land records, that the mortgage was assigned to it, and that it was the holder of the note and mortgage. Chase alleged that beginning on July 1, 2009, the defendant failed to make installment payments of principal and interest required by the note and that it had exercised its option to declare the entire unpaid balance of the note (in the amount of $214,939.97) due and payable to it. . . . By way of relief, Chase sought, among other things, a foreclosure of the mortgage and the immediate possession of the subject premises.

"On June 7, 2010, Chase filed a motion for default for failure to plead. On that same day, Chase filed a motion for judgment of strict foreclosure and a finding that it was entitled to possession of the subject premises. On June 16, 2010, the clerk of the court granted the motion for default but, at that time, the court did not rule on the motion seeking a judgment of strict foreclosure.

"On September 8, 2010, Chase filed a request for leave to amend its complaint and attached a proposed amended complaint. The defendant did not object. The

amended complaint consisted of six counts. The first count brought against the defendant sought a foreclosure and generally was consistent with the allegations brought against the defendant in the original one count complaint . . . . The second, third, and fourth counts of the amended complaint were brought against Bank of America. . . . Counts five and six of the amended complaint, both of which were directed at the defendant, [were] related to Chase's allegations with respect to Bank of America's mortgage interest in the subject property. . . .

"At no time did the defendant move to set aside the default for failure to plead entered on June 16, 2010. On November 2, 2015, however, the defendant disclosed a defense, stating that he 'intend[ed] to challenge the plaintiff's alleged right and standing to foreclose upon the subject mortgage.' On the same day, the defendant filed an answer to Chase's original complaint.

"The plaintiff did not file a motion for default for failure to plead against the defendant with respect to the amended complaint. On November 24, 2015, however, the plaintiff filed a motion for judgment against the defendant with respect to counts two, three, four, five, and six of the amended complaint. On the same day, the plaintiff moved that the court enter a judgment of strict foreclosure . . . .

"On April 4, 2016, the defendant filed an answer to the plaintiff's amended complaint. In his answer to the amended complaint, the defendant, among other things, admitted portions of the allegations made in the first count and, with respect to other portions of the first count, left the plaintiff to its proof. Also, on April 4, 2016, the defendant filed an objection to the plaintiff's motion for judgment as to count six of the amended complaint and an objection to the plaintiff's motion for judgment of strict foreclosure. On that date, the court [*Aurigemma, J.*] held a hearing on the plaintiff's motion for judgment. By order dated April 4, 2016, the court granted the plaintiff's motion for judgment with respect to counts two, three, four, and five of the amended complaint, but did not rule with respect to counts one or six of the amended complaint.

"Following the hearing, the plaintiff replied to the defendant's objection to its motion for judgment of strict foreclosure, and the defendant filed a memorandum of law in which he further articulated the reasons underlying his objection to the motion for judgment of strict foreclosure. At a hearing on April 18, 2016, the parties appeared and presented additional arguments [before Judge Aurigemma]. . . .

"The court granted the plaintiff's motion for judgment of strict foreclosure . . . and rendered judgment on count six of the plaintiff's amended complaint in the plaintiff's favor." (Footnotes omitted.) Id., 730–37.

Thereafter, the defendant appealed from the judgment of strict foreclosure rendered on count one of the amended complaint. Id., 737 n.9. On appeal, this court concluded that "[i]n light of the changes to the plaintiff's case that were reflected in the amended complaint, it was inequitable for the court not to have considered the default entered in 2010 to have been extinguished. Thus, the court should have considered the defendant's answer to the amended complaint as well as his disclosed defense. Although it was appropriate for the court to have considered the lengthy period of time that followed the entry of the default, it nonetheless abused its discretion by failing to consider the effect of the amended complaint upon that default." (Footnote omitted.) Id., 745. Accordingly, this court reversed the judgment of strict foreclosure and remanded the case for additional proceedings. Id., 746.

On March 26, 2018, following our remand, the plaintiff filed a motion for summary judgment as to liability only on count one of its amended complaint. The forty-five day period set forth in Practice Book § 17-45 (b) for the filing of a response to the motion for summary judgment expired on May 10, 2018. On May 24, 2018, the defendant filed a document captioned "Practice Book § 17-47 Motion for Extension of Time to Respond to the Plaintiff's Motion for Summary Judgment, or Alternatively, Objection to Summary Judgment." The trial court denied that motion as untimely. At no time did the defendant file a substantive response to the plaintiff's motion for summary judgment. See Practice Book § 17-45 (b).

On May 29, 2018, the parties appeared before Judge Aurigemma at short calendar on the plaintiff's motion for summary judgment, which had been marked "ready." Counsel for the defendant acknowledged that he had not filed a response to the motion. Thereupon, the court ruled: "Well, there's no opposition, so the motion's granted, absent opposition." The defendant's counsel then stated that, pursuant to § 51-183c, the trial court was required to recuse itself. The court responded by asking whether the defendant's counsel had filed a motion to recuse, to which he indicated that he had not, and the proceedings concluded. A subsequent motion to reargue filed by the defendant was denied.

On June 21, 2018, the plaintiff filed a motion for a judgment of strict foreclosure, and on July 9, 2018, the court granted the motion. This appeal followed. Additional facts and procedural background will be provided as necessary.

I

The defendant first claims that, pursuant to § 51-183c, Judge Aurigemma should have recused herself from ruling on "material issues" following this court's reversal of the judgment of strict foreclosure in *Chase I*. The

plaintiff counters that (1) recusal was unwarranted in the absence of a written motion to disqualify filed pursuant to Practice Book §§ 1-22 (a)[3] and 1-23,[4] and (2) § 51-183c did not apply because there was no "trial" within the meaning of the statute. We agree with the plaintiff's second argument.[5]

We set forth the applicable standard of review. The defendant's claim that § 51-183c required recusal under the circumstances of this case presents a question of statutory interpretation, thereby invoking our plenary review. See *State* v. *Riley*, 190 Conn. App. 1, 8, 209 A.3d 646, cert. denied, 333 Conn. 923,  A.3d  (2019). "The principles that govern statutory construction are well established. When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and [common-law] principles governing the same general subject matter . . . ." (Internal quotation marks omitted.) *Mickey* v. *Mickey*, 292 Conn. 597, 613–14, 974 A.2d 641 (2009).

Section 51-183c provides: "No judge of any court who tried a case without a jury in which a new trial is granted, or in which the judgment is reversed by the Supreme Court, may again try the case. No judge of any court who presided over any jury trial, either in a civil or criminal case, in which a new trial is granted, may again preside at the trial of the case."

Our Supreme Court, as well as this court, have previously held that § 51-183c applies exclusively to "trials" and not to other types of adversarial proceedings. See, e.g., *State* v. *Miranda*, 260 Conn. 93, 131, 794 A.2d 506 ("[§] 51-183c applies exclusively to 'trials' "), cert. denied, 537 U.S. 902, 123 S. Ct. 224, 154 L. Ed. 2d 175 (2002); *Lafayette Bank & Trust Co.* v. *Szentkuti*, 27 Conn. App. 15, 19–21, 603 A.2d 1215 ("Section 51-183c unambiguously applies exclusively to 'trials,' as distinguished from pretrial or short calendar matters. . . . The term 'trial' was not intended to include either pretrial or short calendar proceedings." [Citations omitted.]), cert. denied, 222 Conn. 901, 606 A.2d 1327 (1992).

On the basis of the foregoing interpretation, our appellate courts have repeatedly concluded that where the adversarial proceeding at issue did not constitute a "trial," § 51-183c does not require recusal. See, e.g., *State* v. *Miranda*, supra, 131–32 (sentencing hearing); *Board of Education* v. *East Haven Education Assn.*, 66 Conn. App. 202, 215–16, 784 A.2d 958 (2001) (arbitration proceedings); *Lafayette Bank & Trust Co.* v. *Szentkuti*, supra, 16–17, 20–21 (property valuation hearing in foreclosure action).

Given the well settled interpretation of § 51-183c, we conclude that § 51-183c did not apply in the present case so as to require Judge Aurigemma's recusal following the reversal of the judgment of strict foreclosure in *Chase I* because she had not presided over any "trial." Instead, the judgment of strict foreclosure underlying *Chase I* was rendered in the context of a short calendar proceeding, to which § 51-183c does not apply.

In support of his claim that § 51-183c required Judge Aurigemma's recusal following our remand in *Chase I*, the defendant relies on *Higgins* v. *Karp*, 243 Conn. 495, 706 A.2d 1 (1998) (*Higgins II*), and *Gagne* v. *Vaccaro*, 133 Conn. App. 431, 35 A.3d 380 (2012), rev'd on other grounds, 311 Conn. 649, 90 A.3d 196 (2014). Neither of these authorities supports the defendant's position. We address them in turn.

First, *Higgins II* was the product of extensive litigation, culminating in two appeals to our Supreme Court, arising out of a fatal airplane crash. *Higgins II*, supra, 243 Conn. 498–99. Initially, in a consolidated case, the trial court denied the defendant's motions to set aside defaults entered against him for failure to plead, and the case proceeded to a trial on damages, wherein the jury awarded significant damages, with judgments rendered accordingly. *Higgins* v. *Karp*, 239 Conn. 802, 806–807, 687 A.2d 539 (1997) (*Higgins I*). In *Higgins I*, our Supreme Court reversed the judgments, concluding that the trial court abused its discretion by denying the defendant's motions to set aside the defaults. Id., 811. On remand, the trial court again denied the defendant's motions to set aside the defaults. *Higgins II*, supra, 500–502. In *Higgins II*, the defendant appealed from, and our Supreme Court reversed, the judgment of the trial court because, this time, the trial court failed to consider additional relevant evidence. Id., 509–10. In footnote 7 in *Higgins II*, our Supreme Court stated that on remand following *Higgins I*, and "[i]n accordance with . . . § 51-183c, [it had] ordered that the matter be assigned to a judge other than the judge who originally had decided the motions [to set aside the defaults]." Id., 500 n.7.

In the present case, the defendant particularly relies on that footnote in *Higgins II* for the proposition that our Supreme Court applied § 51-183c, following reversal of the trial court's refusal to set aside the

defaults for failure to plead, to bar the same trial judge from making a subsequent ruling on those motions. Thus, the defendant contends, there is no meaningful difference between the reversal of the judgments in *Higgins I* and the reversal of the judgment in *Chase I*. A close reading of the decisions in *Higgins I* and *Higgins II* belies the defendant's argument, however, because, in *Higgins I*, the trial court, *Hurley, J.*, not only ruled on the motions to set aside the defaults in the first instance, but also presided at the trial on damages and rendered judgments in accordance with the jury's verdicts, from which the *Higgins I* appeal was taken. See *Higgins I*, supra, 239 Conn. 807; see also *Karp* v. *Coric*, Superior Court, judicial district of New London, Docket Nos. 530472 and 529975 (June 9, 1995) (14 Conn. L. Rptr. 386) (memorandum of decision by Judge Hurley on defendant's motions to set aside defaults), rev'd sub nom. *Higgins* v. *Karp*, 239 Conn. 802, 687 A.2d 539 (1997). Consequently, when those judgments were reversed in *Higgins I*, § 51-183c applied so as to preclude Judge Hurley from presiding over the matter again because he had already presided over a trial, i.e., the trial on damages. The circumstances in *Higgins I* and *Higgins II* are readily distinguishable from those underlying the present appeal. Although the judgment of strict foreclosure rendered by Judge Aurigemma was reversed by this court in *Chase I*, Judge Aurigemma had not, unlike Judge Hurley in *Higgins I*, presided over a "trial," as required by § 51-183c.

Second, in *Gagne* v. *Vaccaro*, supra, 133 Conn. App. 435–36, this court concluded that the trial court improperly refused to recuse itself pursuant to § 51-183c from hearing the plaintiff's motion for attorney's fees on the basis that we had reversed an earlier ruling on attorney's fees by the same trial judge. However, our Supreme Court subsequently reversed this court's decision on the ground that the recusal issue was moot because the defendant had failed to challenge the trial court's finding that the defendant waived his right to seek disqualification under § 51-183c as a result of noncompliance with the procedural requirements of Practice Book § 1-23 on appeal.[6] *Gagne* v. *Vaccaro*, 311 Conn. 649, 659–60, 90 A.3d 196 (2014). As a result, our Supreme Court reversed the judgment of this court and remanded the case with direction to dismiss the appeal as to the issue of disqualification because this court did not have subject matter jurisdiction over the § 51-183c claim underlying the decision. Id., 659–60, 662. In light of the foregoing, our decision on the merits in *Gagne* is devoid of any precedential value in the absence of subject matter jurisdiction; see *Labarbera* v. *Clestra Hauserman, Inc.*, 369 F.3d 224, 226–27 n.2 (2d Cir. 2004) (explaining that no precedential value exists in lower court decision that was reversed for lack of subject matter jurisdiction); and the defendant's reliance thereon is wholly misplaced.

In sum, we conclude that § 51-183c did not apply following *Chase I* so as to require Judge Aurigemma's recusal because she had not presided over a "trial" in the matter.

## II

The defendant next claims that the trial court erred by granting the plaintiff's motion for summary judgment without hearing oral argument on that motion pursuant to Practice Book § 11-18.[7] The plaintiff posits that the trial court did not need to hear argument because (1) the defendant did not follow the procedural requirements of § 11-18 (a) (2), and (2) the defendant waived oral argument. We agree with the defendant.

We begin by setting forth the applicable standard of review and legal principles. "Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Marinos* v. *Poirot*, 308 Conn. 706, 712, 66 A.3d 860 (2013). Practice Book § 11-18 provides in relevant part: "(a) Oral argument is at the discretion of the judicial authority except as to . . . motions for summary judgment . . . and/or hearing on any objections thereto. For those motions, oral argument shall be a matter of right, provided: (1) the motion has been marked ready in accordance with the procedure that appears on the short calendar on which the motion appears, or (2) a nonmoving party files and serves on all other parties . . . a written notice stating the party's intention to argue the motion . . . . Such a notice shall be filed on or before the third day before the date of the short calendar date . . . ." See also *Singhaviroj* v. *Board of Education*, 124 Conn. App. 228, 236, 4 A.3d 851 (2010) ("[p]arties are entitled to argue a motion for summary judgment as of right").

Our recent decision in *Bayview Loan Servicing, LLC* v. *Frimel*, 192 Conn. App. 786,    A.3d    (2019), involving similar circumstances to those in the present appeal, is controlling. In *Bayview Loan Servicing, LLC*, the defendant appealed from a judgment of foreclosure by sale, arguing, inter alia, that the court erred in granting the plaintiff's motion for summary judgment without holding oral argument. Id., 788, 792. Simply put, this court held that, because Practice Book § 11-18 provided the defendant with the right to oral argument on the merits of the plaintiff's motion for summary judgment, the failure to conduct oral argument constituted reversible error. Id., 796–97.

Applying *Bayview Loan Servicing, LLC*, to the present case, we conclude that the trial court erred by granting the plaintiff's motion for summary judgment without hearing oral argument on the motion. We have carefully reviewed the approximately two page transcript from the short calendar proceeding[8] and conclude that the opportunity for oral argument required by Practice

Book § 11-18 (a) was not provided. That is, upon confirming that the defendant had not filed a written response to the plaintiff's motion for summary judgment, the court did not inquire whether the defendant's counsel wanted to be heard, namely, to argue whether the plaintiff had met its initial burden. Instead, the court immediately granted the motion "absent opposition."

The plaintiff raises two arguments supporting its assertion that oral argument on its motion for summary judgment was not required—neither of which is persuasive. First, the plaintiff contends that the defendant did not comply with the procedural requirements of Practice Book § 11-18 (a) (2) because he failed to file a written notice seeking oral argument. This argument fails because the plaintiff overlooks the fact that the conditions for oral argument being a matter of right for motions for summary judgment contained in § 11-18 (a) are disjunctive. That is, either the motion for summary judgment had to be marked ready; Practice Book § 11-18 (a) (1); *or* the defendant, as the nonmovant, had to file and serve a written notice stating his intention to argue the motion. Practice Book § 11-18 (a) (2). Here, the motion for summary judgment had been marked ready, and the parties appeared accordingly for the May 29, 2018 short calendar. Thus, § 11-18 (a) (1) was satisfied, and, as a result, the defendant was entitled to oral argument on the motion for summary judgment as of right.

Second, the plaintiff contends that the defendant waived oral argument as to the plaintiff's motion for summary judgment under Practice Book § 11-18 (d), which provides that the "[f]ailure to appear and present argument on the date set by the judicial authority shall constitute a waiver of the right to argue unless the judicial authority orders otherwise." This argument fails because not only did the defendant's counsel appear for argument, but our review of the summary judgment hearing transcript; see footnote 8 of this opinion; reveals that the trial court ruled on the motion before either party could argue the merits of the motion. Cf. *Marut* v. *IndyMac Bank, FSB*, 132 Conn. App. 763, 771–72, 34 A.3d 439 (2012) (Practice Book § 11-18 [d] applies when party fails to appear for argument). The plaintiff does not cite any relevant authority for its proposition that the waiver rule contained in § 11-18 (d) is applicable here.

In sum, we conclude that the defendant had a right to oral argument, which was not waived, with respect to the plaintiff's motion for summary judgment, and, therefore, the trial court improperly adjudicated the motion without permitting oral argument.

### III

Finally, the defendant claims that the trial court abused its discretion in denying on timeliness grounds

his motion for an extension of time to respond to the plaintiff's motion for summary judgment. We disagree.

We begin with the applicable standard of review and rules of practice. A trial court's adjudication of a motion for a continuance pursuant to Practice Book § 17-47 is reviewed for an abuse of discretion. See, e.g., *Sheridan* v. *Board of Education*, 20 Conn. App. 231, 237–38, 565 A.2d 882 (1989) (concluding that trial court did not abuse its discretion in denying motion to stay summary judgment proceeding in light of nonmovant's failure to comply with Practice Book [1978–97] § 382, predecessor to Practice Book § 17-47, in timely manner). Practice Book § 17-45, entitled "Proceedings upon Motion for Summary Judgment; Request for Extension of Time To Respond," provides in relevant part: "(a) A motion for summary judgment shall be supported by appropriate documents, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and other supporting documents. (b) Unless otherwise ordered by the judicial authority, any adverse party shall file and serve a response to the motion for summary judgment within forty-five days of the filing of the motion, including opposing affidavits and other available documentary evidence. . . ." Relatedly, Practice Book § 17-47, entitled "When Appropriate Documents Are Unavailable," provides: "Should it appear from the affidavits of a party opposing the motion that such party cannot, for reasons stated, present facts essential to justify opposition, the judicial authority may deny the motion for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

"In *Plouffe* v. *New York, N.H. & H.R. Co.*, 160 Conn. 482, 490, 280 A.2d 359 (1971), our Supreme Court determined that the trial court had abused its discretion when it refused to grant a reasonable continuance to allow the plaintiff to investigate the truth of the facts alleged in the defendant's affidavit and to research the legal issues in a personal injury action. In that case, the court adopted the following principle, derived from summary judgment under the [F]ederal [R]ules of [C]ivil [P]rocedure: Where, however, the party opposing summary judgment *timely* presents his affidavit under [r]ule 56 (f) [of the Federal Rules of Civil Procedure] stating reasons why he is presently unable to proffer evidentiary affidavits he directly and forthrightly invokes the trial court's discretion. Unless dilatory or lacking in merit, the motion should be liberally treated. Exercising a sound discretion, the trial court then determines whether the stated reasons are adequate. And absent abuse of discretion, the trial court's determination will not be interfered with by the appellate court." (Emphasis in original; internal quotation marks omitted.) *Sheridan* v. *Board of Education*, supra, 20 Conn. App. 237–38.

In *Sheridan*, this court applied the principles set forth in *Plouffe* and held that, where the plaintiff, as the summary judgment nonmovant, had failed to comply with Practice Book (1978–97) § 382, the predecessor to Practice Book § 17-47, which permits the trial court to grant a continuance to accommodate discovery to justify opposition to a motion for summary judgment, the plaintiff's "lack of diligence [was] fatal to her claim" that the trial court abused its discretion by not granting a continuance. Id., 236 n.4, 238.

The same analysis applies to the present case and leads to the same result. As previously recited in this opinion, the forty-five day period set forth in Practice Book § 17-45 (b) for the filing of a response to the plaintiff's motion for summary judgment expired on May 10, 2018. Such deadline passed without the defendant filing a response or a motion for an extension of time. Two weeks later, on May 24, 2018, the defendant filed a motion for an extension of time to respond to the plaintiff's motion for summary judgment, or alternatively, an objection to summary judgment. That motion, citing Practice Book § 17-47, attached the affidavit of the defendant's attorney, Michael J. Habib, in which he (1) explained that he wanted to take the deposition of the plaintiff's corporate designee in order to challenge the plaintiff's standing and (2) detailed efforts made to procure the deposition.[9] The motion did not state any reasons to justify its untimeliness. The trial court denied the motion as untimely, reasoning as follows: "Practice Book [§] 17-45 requires a response to be filed within [forty-five] days. The defendant has not done so, and the request for [an] extension of time has been filed more than [forty-five] days from the date of the filing of the [motion for] summary judgment."

Like the plaintiff in *Sheridan*, the defendant in the present case failed to comply with Practice Book § 17-47 in a timely manner, and such noncompliance is fatal to his third claim on appeal. Because the defendant did not timely comply with the requirements of § 17-47, we conclude that the trial court did not abuse its discretion by denying the defendant's motion for an extension of time to respond to the plaintiff's motion for summary judgment and to conduct discovery relating thereto.

In support of his argument that the trial court abused its discretion by denying his motion for an extension of time as untimely, the defendant contends that Practice Book § 17-47 contains no timing requirement. This contention is without merit. By its express terms, § 17-47 allows the trial court to grant a continuance for discovery purposes on the basis of reasons stated in "the affidavits of a party opposing [a] motion" for summary judgment. Although the rule itself does not specify when "the affidavits of a party opposing [a] motion" for summary judgment must be filed, that answer is readily found within the summary judgment section of chapter

17 of the Practice Book, i.e., §§ 17-44 through 17-51. Specifically, Practice Book § 17-45 (b) provides in relevant part that "[u]nless otherwise ordered by the judicial authority, any adverse party shall file and serve a response to the motion for summary judgment within forty-five days of the filing of the motion, *including opposing affidavits* . . . ." (Emphasis added.) Simply put, Practice Book § 17-47 imports the forty-five day filing deadline set forth in Practice Book § 17-45.

Finally, we reject the defendant's suggestion that an alleged undocumented agreement between counsel—specifically, that the plaintiff would not claim its motion for summary judgment until the defendant had taken a deposition of the plaintiff's corporate designee (which the plaintiff denies)—can usurp the requirements of the rules of practice, including the need to seek extensions of time in a timely manner.[10]

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

[1] In a prior appeal, this court explained that in September, 2010, after the named plaintiff, Chase Home Finance, LLC (Chase), had commenced this action against the defendant, "Chase filed a motion to cite in Bank of America, N.A. (Bank of America), as a [third-party] defendant. The court granted this motion. Subsequently, [Chase] served Bank of America with an amended complaint that alleged that Bank of America was a lien holder. In March, 2011, Bank of America was defaulted for failure to appear. In January, 2012, Middconn Federal Credit Union sought to be made a party defendant to the action as a postjudgment lis pendens holder. The court granted the request. Later, Middconn Federal Credit Union was defaulted for failure to plead and failure to disclose a defense.

"In June, 2012, Chase moved to substitute JPMorgan Chase Bank, N.A., as [the] plaintiff in the action. The court granted the motion. In June, 2014, JPMorgan Chase Bank, N.A., moved to substitute Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC, its trustee, as [the] plaintiff in the action. The court granted the motion. In July, 2015, Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC, its trustee, moved to substitute AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee, as [the] plaintiff in the action. The court granted the motion." *Chase Home Finance, LLC* v. *Scroggin*, 178 Conn. App. 727, 729 n.1, 176 A.3d 1210 (2017). As in the prior appeal, we will refer to AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee, as the plaintiff. Additionally, because neither Bank of America nor Middconn Federal Credit Union is participating in this appeal, we will refer to Daniel J. Scroggin as the defendant.

[2] Because our resolution of the defendant's second claim, set forth in part II of this opinion, presumes that there was no error with respect to whether the trial court should have recused itself, we find it prudent to explain why, contrary to the defendant's position, recusal was unwarranted under the circumstances here. See part I of this opinion. In addition, although our resolution of the defendant's second claim is dispositive of this appeal, we briefly address his third claim because it is likely to arise on remand. See *Redding* v. *Elfire, LLC*, 74 Conn. App. 491, 492 n.2, 812 A.2d 211 (2003); see also part III of this opinion.

[3] Practice Book § 1-22 (a) provides in relevant part: "A judicial authority shall, upon motion of either party or upon its own motion, be disqualified from acting in a matter . . . because the judicial authority previously tried the same matter and a new trial was granted therein or because the judgment was reversed on appeal. . . ."

[4] Practice Book § 1-23 provides: "A motion to disqualify a judicial authority shall be in writing and shall be accompanied by an affidavit setting forth the facts relied upon to show the grounds for disqualification and a certificate of the counsel of record that the motion is made in good faith. The motion shall be filed no less than ten days before the time the case is called for trial

or hearing, unless good cause is shown for failure to file within such time."

[5] In light of our resolution of the second argument, we need not address the plaintiff's first argument.

[6] Rather, on appeal, the defendant challenged the nonrecusal under Practice Book § 1-22 (a) and § 51-183c. *Gagne* v. *Vaccaro*, 311 Conn. 649, 660, 90 A.3d 196 (2014).

[7] In his principal appellate brief, the defendant appears to couch an additional argument that he was under no obligation to submit a response to the plaintiff's motion for summary judgment within his overarching contention that the trial court failed to hear oral argument on that motion. The plaintiff counters that the trial court did not need to hear argument because the defendant did not file an opposition to the motion. Although we reverse on the grounds set forth in part II of this opinion, we remind the parties that it is only upon the satisfaction of a summary judgment movant's initial burden that the burden shifts to the nonmovant to demonstrate, on the basis of a timely submission of an evidentiary showing, that there exists a genuine issue of material fact to defeat summary judgment. See *Ramirez* v. *Health Net of the Northeast, Inc.*, 285 Conn. 1, 10–11, 938 A.2d 576 (2008).

[8] The transcript from the four minute May 29, 2018 proceeding provides in its entirety:

"The Court: Your next matter?

"[The Plaintiff's Counsel]: This is position 39, Your Honor.

"The Court: Do I have a 39?

"(Discussion off the record.)

"The Court: Sorry, I have it. And your name for the record?

"[The Defendant's Counsel]: Michael Habib for the defendant, David Scroggin.

"The Court: Okay. And, Mr. Habib, you filed no response?

"[The Defendant's Counsel]: That's correct, Your Honor. I was recently retained in the case.

"The Court: Okay. All right. Well, you've had an appearance since September of 2017.

"[The Defendant's Counsel]: That was in the appellate case, Your Honor. I was not retained for the trial court case until April 21st of this year.

"The Court: Right. Okay. And had you filed your motion for extension then, it would have been timely.

"[The Defendant's Counsel]: Okay.

"The Court: So—

"[The Defendant's Counsel]: I understand, but I noticed the deposition at that time, Your Honor.

"The Court: Okay.

"[The Defendant's Counsel]: And I thought I had an agreement with opposing counsel as to when we rescheduled the deposition for when it would be called up or when it would be reclaimed, which we had discussed in court—[coplaintiff's counsel] and I had discussed in court.

"The Court: Okay.

"[The Defendant's Counsel]: And then four days later, they filed the reclaim, Your Honor.

"The Court: Okay. You know anything about that?

"[The Plaintiff's Counsel]: I do not, Your Honor. I spoke with [coplaintiff's counsel] in preparation for this, and he made no mention of any agreement.

"The Court: Okay. [Alright]. Well, there's no opposition, so the motion's granted, absent opposition.

"[The Defendant's Counsel]: And, Your Honor, if I could just place something on the record.

"The Court: Sure.

"[The Defendant's Counsel]: I do believe under § 51-183c, Your Honor, that this court's required to recuse itself in this matter, as well as the previous motion that was denied by the court.

"The Court: Why?

"[The Defendant's Counsel]: Because—

"The Court: Have you filed a motion to recuse?

"[The Defendant's Counsel]: I have not, Your Honor.

"The Court: Okay. Thank you.

"[The Defendant's Counsel]: Thank you, Your Honor.

"[The Plaintiff's Counsel]: Thank you, Your Honor."

[9] We note that, in arguing in his principal appellate brief the merits of his motion for an extension of time, the defendant improperly goes beyond what was stated in the motion and accompanying affidavit.

[10] The defendant also cursorily argues that, by ruling on his motion for

an extension of time prior to the motion appearing on the short calendar, the court violated Practice Book § 11-13 and deprived him of the opportunity to request oral argument on the motion pursuant to Practice Book § 11-18 (f). We decline to consider this claim because it is inadequately briefed. See *State* v. *Hanisko*, 187 Conn. App. 237, 254–55 n.9, 202 A.3d 375 (2019).

———————————————————